1  PAUL M. HITTELMAN SBN: 033449
   PMHPC@earthlink.net
2  11999 San Vicente Blvd., Ste 350
   Los Angeles, CA 90049-5073
3  Telephone: 310-471-7600
   Facsimile: 310-471-7655

4

5  Attorneys for Defendants Mark Kaufman doing business as Kaufman Properties;
   Mark Alan Kaufman Properties, Inc., a California Corporation;
6  Mark Kaufman Properties, Inc., a California Corporation; and
   Midland  MAK Management, LLC, a Delaware Limited Liability Company

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  ANDREW H. and ROBIN MEISEL,          CASE NO:   CV 10 1786LB
    Husband and Wife, individually and at
12  Trustees of the Andrew H. Meisel &   [PROPOSED] STIPULATED
    Robin H. Meisel 2000 Revocable Trust, etc.   PROTECTIVE ORDER
13  et al.,

14                Plaintiffs,

15      vs.

16  MARK KAUFMAN, individually and dba
    KAUFMAN PROPERTIES; MARK
17  ALAN KAUFMAN PROPERTIES, INC.,
    a suspended California Corporation;
18  MARK KAUFMAN PROPERTIES, INC.,
    a California corporation; MIDLAND MAK
19  MANAGEMENT, LLC, a Delaware
    limited liability company; DOES 1-50,
20  inclusive,

21                Defendants.

22

STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING DISCOVERY
23
AND CONFIDENTIALITY
24
        This  Stipulation  and  [Proposed]  Protective  Order  Concerning  Discovery  and
25
Confidentiality ("Discovery Order") between Plaintiffs  and Defendants by and through their
26
counsel of record, are made in the above-captioned action with respect to the following recitals:
27
        WHEREAS, there is good cause for protection of the parties' confidential information
28
and financial information that is protectable under the laws of the United States and the State

1    of California's Constitutional right to privacy. The information relating to defendants' financial

2    condition is confidential because they contain information which is protected by United States

3    and California law. To that end, the parties have jointly drafted the instant proposed protective

4    order, which the parties respectfully seek to be entered by the Court in order to prevent harmful

5    disclosure of their confidential information;

6         WHEREAS, the parties to this action expect that they will be requested to produce

7    documents, provide testimony, and otherwise disclose confidential, financial, and tax return

8    information, that requires protection as confidential;

9         WHEREAS, the disclosure of any such confidential information within this action is

10    made solely for purposes of this action and should not be used for any other purpose; and

11         WHEREAS, the parties to this action seek to establish procedures that will protect all

12    confidential information while expediting the discovery process, limiting the occasion for

13    discovery disputes regarding confidentiality, and facilitating the disposition by the Court of any

14    disputes that may arise in connection with discovery.

15         NOW, THEREFORE, it is hereby stipulated and agreed, by and between the parties,

16    through their respective counsel, as follows:

17    1.    DEFINITIONS

18    The following definitions shall apply to this Discovery Order:

19         1.1.    The "Action" shall mean and refer to the above-captioned matter and to all actions

20    consolidated at any time under the above-captioned matter, through final judgment, and to any

21    appeal from the Action.

22         1.2.    "Document" means a writing, as defined in the Federal Rules of Evidence, rule

23    1001, et seq, Federal Rules of Civil Procedure, Rule 34a and California Evidence Code §250,

24    including without limitation, the original or a copy of documents of any kind, however

25    reproduced and however transcribed; electronic recordings of any kind, including computer

26    program files, data files, source code, CD-ROM or electronic mail; photographs or other visual

27    or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche,

28    videotapes or laser discs; and sound recording of any kind, including voice mail, cassette,

1   microcassettes, or compact discs. Every original draft, iteration or non-identical copy is a
2   separate Document as that term is used herein.

3       1.3.   "Confidential Document" shall mean Documents that are confidential to a party,
4   which have not been publicly disclosed, and that the Producing Party (as defined below)
5   designates as "Confidential" in the manner set forth in this Discovery Order; provided, however,
6   that by agreeing to this Discovery Order, no party waives the right to challenge any other party's
7   designation of any Document as "Confidential."

8       1.4.   "Confidential Information" shall mean confidential information that has not been
9   made available to the general public that concerns or relates to financial information, and/or any
10  other information that the Producing Party contends should be protected from disclosure and
11  that may be subject to a protective order under applicable law. "Confidential" is a designation
12  that can be applied to any type or classification or form of information (oral, written, magnetic,
13  electronic or otherwise) whether it be a document, information contained in a document,
14  information revealed during a deposition, information revealed in an interrogatory answer or
15  in a response to a request for admission, information obtained from inspection of premises or
16  things, or otherwise. "Confidential" information means such information as is lawfully entitled
17  to confidential treatment under United States and California law, including, but not limited to,
18  confidential financial information, confidential personal financial data, income tax returns,
19  information protected by Article I, Section 1 of the State of California Constitution and similar
20  information.

21      1.5.   "Designating Party" shall mean the party in this Action designating a Document
22  as Confidential.

23      1.6.   "Producing Party" shall mean the party producing Documents, responding to
24  discovery, or providing testimony or Confidential Information, whether informally or pursuant
25  to the Federal Rules of Civil Procedure and any other applicable laws or rules of court.

26      1.7.   "Legend" as used herein shall mean a stamp or similar insignia stating
27  "Confidential," or other appropriate term identifying the level of confidentiality of the
28  Document.

1.8.    When reference is made in this Protective Order or to any Document, the singular shall include the plural, and plural shall include the singular.

## 2.    **TERMS OF THE DISCOVERY ORDER**

### 2.1.    **Designation of Documents**.

2.1.1. "Confidential" - Any Producing Party may designate Documents, Information, or Testimony as "Confidential," if the party reasonably and in good faith believes that they contain personal, financial and tax information entitled to confidential treatment under applicable law.

2.1.2. The Producing Party may designate Document, Information, or Testimony as "Confidential" by affixing the appropriate Legend to all copies of the Documents, Information, or Testimony at the time of production. The Producing Party must make Document designations at the time of production or within a reasonable time thereafter (in accordance section 2.13 below) if such designations are inadvertently omitted.

2.1.3. A party may designate Documents, Information, or Testimony as "Confidential" that is provided by a third party if the Documents, Information, or Testimony contain Confidential Information or if disclosure of the Documents, Information, or Testimony would risk harm to the Producing Party's privacy. The Designating Party shall inform all parties in writing of the Bates number of such Documents, Information, or Testimony within seven (7) days of that party's receipt of the Documents, Information, or Testimony or within seven (7) days of the entry of this Discovery Order, whichever is later.

2.1.4. All parties receiving written notice of such designation shall affix the appropriate Legend to all pages of any copy or copies of such Documents, Information, or Testimony in their possession.

2.1.5. Any party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as "Confidential" by: (a) making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies- thereof); or

(b) informing counsel for all other parties of such designation in writing within seven (7) days after receipt of the transcript (in which case any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

### 2.2. Provisions and Limitations of Use

2.2.1. Use of Information. All Confidential Documents, Information, or Testimony in this Action shall be used solely for purposes of the prosecution, defense or settlement of this Action, including, without limitation, discovery, motions, briefs and preparation for trial, and for no other purpose, except as otherwise stated within this Discovery Order. This Protective Order does not affect the admissibility of Confidential Documents, Information, or Testimony.

2.2.2. Persons to Who May View and/or Use Confidential Information. Unless the Designating Party agrees otherwise, and subject to the provisions of Sections 2.3,2.4,2.5 and 2.10 below, Documents designated "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except: (i) the Court and its officers; (ii) Designated Counsel of record and employees of Designated Counsel of record; (iii) the parties to this Action who first execute Exhibit "A" hereto; (iv) independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial who first execute Exhibit "A" hereto; (v) stenographic reporters who are involved in depositions or any Court hearings or proceedings; and (vi) any other person as to whom the parties agree in writing that disclosure is appropriate and who first execute Exhibit "A" hereto.

**2.3. Duty to Inform of Order.** Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (ii) and (v) of Section 2.2.2 only after such persons have been provided with, and have reviewed, a copy of this Discovery Order.

**2.4.    Persons Required to Sign Order.** Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (iii), (iv) and (v) of Section 2.2.2 only after these persons have been provided with a copy of this Protective Order and have signed the certification attached hereto as Exhibit A. A copy of this certification shall be retained by the counsel of the party disclosing the Confidential Documents or Confidential Information.

**2.5.    Third Parties.** Persons who are not qualified recipients under this Protective Order may be examined as witnesses at depositions concerning "Confidential" Information. In order to facilitate deposing such persons about "Confidential" Information, each party will make a good faith effort to have the deponent sign Exhibit "A" before the deposition begins. In the event the deponent refuses to sign Exhibit "A," the deposition shall be allowed to proceed, and after the deposition, the parties may designate the contents of the deposition as "Confidential." Such designation shall not be considered conclusive of the status of the Documents or Information and the non-designating party may object to such designation under the procedure outlined in this Discovery Order.

**2.6.    Copies.** Any person who obtains access to material designated as "Confidential" under this Protective Order shall not make copies, abstracts, extracts, analyses, summaries, or other materials which contain, reflect or disclose confidential information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects or discloses confidential information is to be treated in accordance with the provisions of this Discovery Order. All copies of material stamped "Confidential" in accordance with Section 2.1 of this Order shall again be stamped with the respective designation if the original stamp was not reproduced in the duplicating process. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, "Confidential" Documents, Information, or Testimony as provided in this Discovery Order. Any person making, or causing to be made, copies of any "Confidential" Documents, Information, or Testimony shall make certain that each copy bears the appropriate Legend pursuant to the requirements of this Discovery Order.

**2.7.    Agreement to Maintain Confidentiality.** Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Documents, Information, or Testimony designated as "Confidential" shall be treated as such under this Discovery Order.

**2.8.    Objections to Designation.** Following the receipt of Documents, Information, or Testimony marked "Confidential," any party to the Action may object to the designation of such Document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the objecting party shall first make a good-faith effort to resolve such dispute with counsel for the Designating Party by meeting and conferring as required by the California Discovery Act. If the objecting party and the Designating Party are unable to resolve the objection, the objecting party may move the Court for an order with respect to the disputed information. The objecting party's obligation to seek de-designation of Documents does not affect the Designating Party's burden under applicable law. In the event that any party files a motion to release a Document from a designation of "Confidential," the motion must be filed under seal to the extent it discloses designated information.

2.8.1.    A Party shall not be obligated to challenge the propriety of a "Confidential" or designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**2.9.    Separate Protective Order or Modification of This Protective Order.** This Protective Order shall be without prejudice to the rights of the parties to the Action to present a motion to the Court for a separate protective order as to any particular Document or information, including restrictions differing from those specified in this Protective Order. In addition, this Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

**2.10.    Additional Disclosure.** If counsel wish to disclose an adversary's or third party's "Confidential" material to any person not identified in paragraph 2.2.2 above, counsel wishing to make such disclosure must proceed in the following manner:

2.10.1.       The names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to lead counsel for the Designating Party, along with the

1   basis for their need to know, and a description with reasonable specificity of the confidential
2   material to be disclosed.

3           2.10.2.        Counsel for the Designating Party shall have seven (7) court days
4   to object to such disclosure in writing.

5           2.10.3.        If an objection to the disclosure is asserted by counsel to the
6   Designating Party, the party wishing to disclose the confidentially- designated materials must
7   apply for relief to the Court. Such material shall not be disclosed pending a decision by the
8   Court on such motion.

9           2.10.4.        Prior to the disclosure of confidential material to any such person,
10  the person must agree to be bound by the terms of this Protective Order by signing the
11  certification in the form of Exhibit A attached hereto. By such execution, the person represents
12  that he or she understands the terms of this Protective Order and that he or she agrees to be
13  bound by its terms.

14          2.10.5.        The person will be shown only such identified "Confidential"
15  material as is essential to enable him or her to render the assistance required.

16      **2.11.  Filing Confidential Material**. No "Confidential" material shall be filed in the
17  public record of this action. All material so designated in accordance with the terms of this
18  Protective Order that is filed with the Court, and any pleadings, motions or other papers
19  containing confidential material, shall be filed in accordance with the procedures set forth in the
20  Federal Rules of Civil Procedure.

21      **2.12. Inadvertent  Production  or  Disclosure  of  Confidential  Documents.**
22  Information. or Testimony. The inadvertent production or disclosure of "Confidential"
23  Documents, Information, or Testimony by a Producing Party shall not constitute a waiver of any
24  claim of confidentiality where (a) the Producing Party notifies the receiving party in writing of
25  such inadvertent disclosure within ten (10) business days of becoming aware of such disclosure;
26  and (b) within thirty (30) days of such notice, the Producing Party provides properly
27  re-designated Documents to the receiving party. The receiving party shall not be deemed to have
28  breached this Protective Order in the event that undesignated "Confidential" Documents,

1  Information, or Testimony are disclosed to any person not identified in paragraphs 2.2.2 prior

2  to notice of such inadvertent disclosure by the Producing Party. During the thirty (30) day

3  period after notice, the materials shall be treated as designated in the Producing Party's notice.

4  Upon receipt of properly redesignated Documents, the receiving party shall destroy or return

5  all unmarked or incorrectly designated Documents to the Producing Party within five (5)

6  business days. All parties, however, reserve all rights to challenge the confidential status of such

7  inadvertent production or disclosure.

8      **2.13.   Inadvertent Disclosure of Confidential Documents.** Information, or Testimony

9  to Third Parties. Upon learning that "Confidential" Documents, Information, or Testimony have

10  been inadvertently disclosed by a receiving party to any person or party not authorized to receive

11  them by this Discovery Order, then the receiving party shall: (a) immediately notify the

12  Designating Party; (b) use its best efforts to obtain the return of any such "Confidential" or

13  Documents, Information, or Testimony and to bind such person or party to the terms of this

14  Agreement; (c) within seven (7) business days of the discovery of such disclosure, inform such

15  person or party of all provisions of this Agreement and identify such person or party to the

16  Designating Party; and (d) request such person or party to sign the certification attached hereto

17  as Exhibit A. The executed certification shall be served upon counsel for the Designating Party

18  within ten (10) business days of its execution, as required by section 2.4, by the party to whom

19  the Confidential Documents or Information was inadvertently disclosed. Nothing in this

20  Paragraph is intended to limit the remedies that the Designating Party may pursue for breach of

21  this Discovery Order.

22      **2.14.   Subpoena of Confidential Document or Confidential Information.** If at any

23  time any "Confidential" Documents, Information, or Testimony are subpoenaed, or otherwise

24  requested by any other person or entity purporting to have authority to require the production

25  of any such Documents, Information, or Testimony, the party to whom the subpoena or other

26  request is directed shall give written notice within three (3) business days thereof to the

27  Designating Party and shall make no disclosure unless seven (7) court days have elapsed from

28

1  the date on which written notice was given without objection by the Designating Party or unless
2  the Designating Party has consented in writing.

3      **2.15. Continuation of Protection After Disposition.** The termination of proceedings
4  in the Action shall not relieve any of the parties from the obligation of maintaining the
5  confidentiality of all "Confidential" Documents, Information, or Testimony produced and
6  designated pursuant to this Discovery Order, unless all of the parties to the Action agree
7  otherwise. The Court shall retain jurisdiction to resolve any dispute concerning the use of
8  information disclosed hereunder. Upon the final disposition of the Action, the parties shall
9  automatically and promptly return any "Confidential" Documents (and all copies made thereof)
10  to the Producing Party from whom such Documents were obtained or shall certify the
11  destruction thereof; provided, however, that the parties shall be entitled to keep in their
12  possession any court filings, deposition transcripts or hearing transcripts, all of which shall
13  continue to be governed by this Discovery Order.

14  2.16.  Inadvertent Production of Privileged or Protected Documents. If information
15  subject to a claim of attorney-client privilege or work product immunity is inadvertently
16  produced, such production shall in no way prejudice or otherwise constitute a waiver of, or
17  estoppel as to, any claim of privilege or work-product immunity for such information. If a party
18  has inadvertently produced information subject to a claim of privilege or immunity, upon
19  written request made by the Producing Party within twenty-one (21) days of discovery of such
20  inadvertent production, the information for which a claim of inadvertent production is made,
21  including all copies, shall be returned within seven (7) business days of such request unless the
22  receiving party intends to challenge the Producing Party's assertion of privilege or immunity.
23  All copies of inadvertently produced Documents shall be destroyed, and any Document or
24  material information reflecting the contents of the inadvertently produced information shall be
25  expunged. If a receiving party objects to the return of such information within the seven (7)
26  business day period described above, the Producing Party may move the Court for an order
27  compelling the return of such information. Pending the ruling, a receiving party may retain the
28

1   inadvertently produced Documents in a sealed envelope and shall not make any use of such
2   information.

3       **2.17.  Scope of Discovery Order.** The provisions of this Protective Order apply to all
4   proceedings in this action, including all appeals, arbitrations, and proceedings upon remand,
5   except that the provisions of this Protective Order shall not apply to evidence presented at court
6   proceedings nor otherwise restrict any party from introducing designated "Confidential"
7   Documents, Information, or Testimony as evidence at trial. A party may seek a protective order
8   prior to trial with respect to testimony containing designated "Confidential" Information that
9   may be offered at trial or specific Documents containing designated "Confidential" Information
10  that may be marked as exhibits at trial in order to maintain the continued confidentiality of such
11  information

12

13      The Parties agree to be bound by the terms of this Stipulation and begin producing
14  Documents pending entry of the Protective Order by the Court.

15

16  **IT IS SO STIPULATED:**

17

18  DATED: March _17_, 2011          McNamara

19

20                                  By:_____

21                                  **Attorneys for Plaintiffs**

22

23  DATED: March _18_, 2011          Paul M. Hittelman

24

25                                  By:_____

26                                  **Attorneys for Defendants**

27

28

Stipualted Protective Order          **[PROPOSED] STIPULATED PROTECTIVE ORDER**
CV 10 1786 LB

11

1    **ORDER**

2    Good cause appearing therefor, **IT IS SO ORDERED.**

3

4    DATED: March  21 , 2011          By:_____

5                                         Laurel Beeler, United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipualted Protective Order          ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
CV 10 1786 LB

# EXHIBIT A

## NON-DISCLOSURE CERTIFICATION

I, _____ hereby declare under penalty of perjury that I have been informed the material I have been provided to review and/or evaluate is confidential and understand that a Stipulated Protective Order was issued by the United States District Court, North District of California, in the case entitled Meisel v. Kaufman, Case No. CV 10 1786LB. I agree to abide by that confidentiality unless informed otherwise by the person who provided the documents to me and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in compliance with the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court, North District of California for the purpose of enforcing the term of this Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: March ___, 2011

By:_____

DATED: March ___, 2011                  WITNESS:

By:_____