STIMMEL, STIMMEL & SMITH
A Professional Corporation
LEE D. STIMMEL, ESQ. (State Bar No. 58405)
e-mail: lstimmel@stimmel-law.com
STEVEN R. ROESER, ESQ. (State Bar No. 229348)
e-mail: sroeser@stimmel-law.com
155 Montgomery Street, 12th Floor
San Francisco, California 94104-3973
Telephone: (415) 392-2018
Facsimile: (415) 391-2124

SETH J. SCHWARTZ (State Bar No. 103357)
e-mail: seth.schwartz@mcnamaralaw.com
DENISE J. SERRA (State Bar No. 80602)
e-mail: denise.serra@mcnamaralaw.com
McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:   (925) 939-0203

Attorneys for Plaintiffs
Andrew H. And Robin Meisel, Husband and Wife, individually
and as Trustees of the Andrew H. Meisel & Robin H. Meisel
2000 Revocable Trust; AR Meisel Properties, LLC, a California
Limited Liability Company; Sybil Meisel, individually; Edward
Meisel, individually; Meisel Family Partnership, a New York
General Partnership; Irvin Laxineta, individually; Irvin &
Marilyn D. Laxineta, trustees of the (Irvin B. & Marilyn D.)
Laxineta Trust; Robert and Sylvia Laxineta, trustees of the
(Robert and Sylvia) Laxineta Family Trust; Marc Laxineta,
individually; and, Gerald Hart, individually

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW H. and ROBIN MEISEL, Husband and Wife, individually and as Trustees of the Andrew H. Meisel & Robin H. Meisel 2000 Revocable Trust; AR MEISEL PROPERTIES, LLC, a California Limited Liability Company; SYBIL MEISEL, individually; EDWARD MEISEL, Individually; MEISEL FAMILY PARTNERSHIP, a New York General Partnership; IRVIN LAXINETA, individually; IRVIN and MARILYN D. LAXINETA, trustees of the (Irvin B. and Marilyn D.) Laxineta Family Trust; ROBERT LAXINETA and SYLVIA LAXINETA, Trustees of the Laxineta | Case No. CV 10-01786 LB<br><br>**STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT**<br><br>Judge:       Mag. Judge Laurel Beeler<br>Action Filed: 4/26/10<br>Trial Date:   7/25/2011 |

Family Trust; MARC LAXINETA,
individually; and GERALD HART,
individually,

        Plaintiffs,

    vs.

MARK KAUFMAN, individually and dba
KAUFMAN PROPERTIES; MARK
ALAN KAUFMAN PROPERTIES, INC., a
suspended California Corporation; MARK
KAUFMAN PROPERTIES, INC., a
California corporation; MIDLAND MAK
MANAGEMENT, LLC, a Delaware
limited liability company; DOES 1-50,
inclusive,

        Defendants.

IT IS HEREBY STIPULATED by and between the parties, through their respective attorneys, that plaintiffs may file their First Amended Complaint, a copy of which is attached hereto as Exhibit A.

Dated: March 23, 2011      STIMMEL, STIMMEL & SMITH

                By: _____
                   Lee D. Stimmel
                   Attorney for Plaintiffs

Dated: March 23, 2011      McNAMARA, NEY, BEATTY, SLATTERY,
                   BORGES & BROTHERS LLP

                By: _____
                   Seth J. Schwartz
                   Denise J. Serra
                   Attorneys for Plaintiffs

Dated: March 23, 2011      LAW OFFICES OF PAUL M. HITTELMAN

                By: _____
                   Paul M. Hittelman,
                   Attorney for Defendants

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5310

1    IT IS HEREBY ORDERED:

2    Dated: March _29_, 2011

3    By: _____

4    Laurel Beeler
     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND ORDER TO FILE FIRST              3                    Case No. CV 10-01786 LB
AMENDED COMPLAINT



STIMMEL, STIMMEL & SMITH
A Professional Corporation
LEE D. STIMMEL, ESQ. (State Bar No. 58405)
e-mail: lstimmel@stimmel-law.com
STEVEN R. ROESER, ESQ. (State Bar No. 229348)
e-mail:  sroeser@stimmel-law.com
155 Montgomery Street, 12th Floor
San Francisco, California 94104-3973
Telephone:  (415) 392-2018
Facsimile:  (415) 391-2124

SETH J. SCHWARTZ (State Bar No. 103357)
e-mail:  seth.schwartz@mcnamaralaw.com
DENISE J. SERRA (State Bar No. 80602)
e-mail:  denise.serra@mcnamaralaw.com
McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone:  (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Plaintiffs
Andrew H. And Robin Meisel, Husband and Wife, individually
and as Trustees of the Andrew H. Meisel & Robin H. Meisel
2000 Revocable Trust; AR Meisel Properties, LLC, a California
Limited Liability Company; Sybil Meisel, individually; Edward
Meisel, individually; Meisel Family Partnership, a New York
General Partnership; Irvin Laxineta, individually; Irvin &
Marilyn D. Laxineta, trustees of the (Irvin B. & Marilyn D.)
Laxineta Trust; Robert and Sylvia Laxineta, trustees of the
(Robert and Sylvia) Laxineta Family Trust; Marc  Laxineta,
individually; and, Gerald Hart, individually

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW H. and ROBIN MEISEL, Husband and Wife, individually and as Trustees of the Andrew H. Meisel & Robin H. Meisel 2000 Revocable Trust; AR MEISEL PROPERTIES, LLC, a California Limited Liability Company; SYBIL MEISEL, individually; EDWARD MEISEL, Individually; MEISEL FAMILY PARTNERSHIP, a New York General Partnership; IRVIN LAXINETA, individually; IRVIN and MARILYN D. LAXINETA, trustees of the (Irvin B. and Marilyn D.) Laxineta Family Trust; ROBERT LAXINETA and SYLVIA LAXINETA, Trustees of the Laxineta | Case No. CV 10-1786 LB **FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND APPOINTMENT OF A RECEIVER** **DEMAND FOR JURY TRIAL** (1)  **Uniform Fraudulent Transfer Act (Civil Code § 3439)** (2)  **Violation of § 10(b) of the 1934 Act (15 U.S.C. §78j(b)** (3)  **Civil RICO (18 U.S.C. § 1962(a)-(c)** (4)  **Civil RICO (18 U.S.C. § 1962(d))** |

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Family Trust; MARC LAXINETA,
individually; and GERALD HART,
individually,

    Plaintiffs,

vs.

MARK KAUFMAN, individually and dba
KAUFMAN PROPERTIES; MARK
ALAN KAUFMAN PROPERTIES, INC., a
suspended California Corporation; MARK
KAUFMAN PROPERTIES, INC., a
California corporation; MIDLAND MAK
MANAGEMENT, LLC, a Delaware
limited liability company; DOES 1-50,
inclusive,

    Defendants.

(5)   **Fraud—Intentional Misrepresentation**
(6)   **Fraud--Negligent Misrepresentation**
(7)   **Fraud—Promise Without Intent to Perform**
(8)   **Fraud and Deceit--Suppression**
(9)   **Conversion**
(10)  **Breach of Fiduciary Duty**
(11)  **Constructive Trust**
(12)  **Conspiracy**
(13)  **Breach of Contract**
(14)  **Breach of Covenant of Good Faith and Fair Dealing**
(15)  **Negligence**
(16)  **Rescission and Restitution**
(17)  **Breach of Promissory Notes**
(18)  **Financial Abuse of Elder**
(19)  **Accounting**
(20)  **Injunction, and,**
(21)  **Receivership**

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

## INTRODUCTION

1.    Plaintiffs, the majority of whom are members of the Meisel and Laxineta families, and Gerald Hart, bring this action against the real estate syndicator, management company, the general partner, the managing agents, officers and directors of companies in which they were induced on the basis of fraudulent misrepresentations to invest in excess of $7,100,000 (seven million one hundred thousand dollars).  As set forth herein, these investments are in danger of being lost in their entirety due to Defendants' multi-faceted scheme and artifice to defraud Plaintiffs, and to obtain their money and property by means of false and fraudulent pretenses, representations and promises.

## JURISDICTION

2.    The Court has jurisdiction over the claims for relief arising under 10(b) of the Securities and Exchange Act of 1934 pursuant to Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78u(d)(1), 78u(D)(3)(A), 78u(e) & 78aa].  The court has jurisdiction over the claims for relief arising under the Racketeer Influenced and Corrupt Organizations Act (RICO"), 18 U.S.C. §1961, et seq.  As a result, this Court has original jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.  Pursuant to 28

U.S.C. §1367(a), supplemental jurisdiction exists over the related state claims which arise from the same nucleus of operative facts giving rise to this dispute.

### VENUE

3.     Venue in this district is proper in the United States District Court, Northern District of California, pursuant to 28 U.S.C. § 1391 because (i) a substantial part of the events giving rise to the claims asserted herein occurred, and continue to occur, within this judicial district, and (ii) Defendants' tortious conduct was directed primarily against plaintiffs in Marin County, California, where Plaintiffs lived, worked and invested in Defendants' real estate syndications, and (iii) Defendants have, directly or indirectly, made use of the means or instrumentations of interstate commerce, of the mails, and of the wires in connection with the transactions, acts, practices and courses of business alleged in this Complaint. Venue in this District is proper under Section 27 of the Exchange Act [15 U.S.C. §78aa] because of certain of the transactions, acts, practices and courses of conduct constituting violations of the federal securities laws occurred within this district.

### THE MEISEL AND LAXINETA FAMILIES AND GERALD HART

4.     Plaintiff investors herein are the Meisel and Laxineta Families and Gerald Hart. Plaintiff Sybil Meisel, age 84, is the mother of Edward Meisel, Andrew Meisel and Sheri Meisel. Andrew Meisel's wife is Robin Meisel.  Robin Meisel's father is Irvin Laxineta, age 74.  His brother is Robert Laxineta, age 79.  Robert Laxineta's wife is Sylvia Laxineta.  Marc Laxineta is the son of Irvin and Marylin Laxineta.  Gerald Hart, age 73, is a business partner of Irvin Laxineta.

### PARTIES

5.     Plaintiffs Andrew Meisel and Robin Meisel are individuals who at all relevant times have resided in the County of Marin, State of California.  Andrew Meisel and Robin Meisel are investors in the real estate syndications formed by the Defendants herein.

6.     Plaintiffs Andrew Meisel and Robin Meisel are trustees of the Andrew H. Meisel & Robin H. Meisel 2000 Revocable Trust, formed under the laws of the State of California.  The

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Andrew H. Meisel & Robin H. Meisel 2000 Revocable Trust is an investor in the real estate syndications formed by the Defendants herein.

7.     Plaintiff AR Meisel Properties, LLC, is a California limited liability company with its principal place of business in San Rafael, California.  AR Meisel Properties, LLC is an investor in the real estate syndications formed by the Defendants herein.

8.     Plaintiff Sybil Meisel is an individual who at all relevant times has resided in the City and State of New York.  Sybil Meisel is an investor in the real estate syndications formed by Defendants herein.

9.     Plaintiff Edward Meisel is an individual who at all relevant times resided in the District of Columbia.  Edward Meisel is an investor in the real estate syndications formed herein.

10.     Plaintiff the Meisel Family Partnership (hereafter "Meisel FP") is a general partnership formed under the laws of the State of New York, and which at all times relevant to this Complaint was a New York general partnership.  The four partners of Meisel FP are Plaintiff Andrew Meisel, Plaintiff Sybil Meisel, Plaintiff Edward Meisel, and Sherri M. Meisel.  Sherri Meisel is a resident of the State of Maryland.  The Meisel Family Partnership is an investor in the real estate syndications formed by Defendants herein.

11.     Plaintiff Irvin Laxineta is an individual who at all relevant times has resided in the County of Los Angeles, State of California.  Irvin Laxineta is an investor in the real estate syndications formed by the Defendants herein.

12.     Plaintiffs Irvin Laxineta and Marilyn Laxineta are the trustees of the (Irvin B. & Marilyn D.) Laxineta Family Trust, formed under the laws of the State of California.  The Irvin B. & Marilyn D. Laxineta Family Trust is an investor in the real estate syndications formed by the Defendants herein.

13.     Plaintiffs Robert Laxineta and Sylvia Laxineta have, at all relevant times, resided in the County of Los Angeles, State of California.  Robert and Sylvia Laxineta are investors in the real estate syndications formed by the Defendants herein.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

14.     Plaintiffs Robert Laxineta and Sylvia Laxineta are the trustees of the (Robert and Sylvia) Laxineta Family Trust, formed under the laws of the State of California.  The Robert and Sylvia Laxineta Family Trust is an investor in the real estate syndications formed by the Defendants herein.

15.     Plaintiff Marc Laxineta is an individual who at all relevant times has resided in the County of Riverside, State of California.   Marc Laxineta is an investor in the real estate syndications formed by the Defendants herein.

16.     Plaintiff Gerald Hart is an individual who at all relevant times herein has resided in the County of Los Angeles, State of California.   Gerald Hart is an investor in the real estate syndications formed by the Defendants herein.

17.     Defendant Mark Alan Kaufman is an individual who at all relevant times herein has resided in the County of Los Angeles, State of California.  Mark Alan Kaufman does business as Kaufman Properties. Mark Alan Kaufman is a real estate syndicator responsible for the investments discussed herein.

18.     Defendant Mark Kaufman Properties, Inc., is a California corporation with its principal place of business at 13655 Victory Boulevard, Suite 202, Van Nuys, California 91401. Mark Kaufman Properties, Inc., provided real estate management services to the real estate syndications which are the subject of this action.

19.     Defendant Mark Alan Kaufman Properties, Inc., is a California corporation with its principal place of business in Van Nuys, California.  Plaintiffs allege on information and belief that the corporate charter of Defendant Mark Alan Kaufman Properties, Inc. was suspended on June 1, 2009.  The offices and directorships of Mark Alan Kaufman Properties, Inc., are believed to be held by Mark Alan Kaufman.   Mark Alan Kaufman Properties, Inc., provided real estate management services to the real estate syndications which are the subject of this action.

20.     Defendant Midland MAK Management, LLC is, and at all times herein mentioned was, a limited liability company, organized and existing under the laws of the State of Delaware, with its principal place of business in Van Nuys, California, and a place of business in a location

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

in Delaware unknown to Plaintiffs at this time.   The managing agent of Midland MAK Management, LLC, is believed to be Mark Alan Kaufman.  Midland MAK Management, LLC, provided real estate management services to the real estate syndications which are the subject of this action

21.     Plaintiffs are informed and believe and based thereon allege, that at all times herein mentioned, Mark Alan Kaufman treated Kaufman Properties, Mark Kaufman Properties, Inc., Mark Alan Kaufman Properties, Inc., and Midland MAK Management, LLC, as his "alter egos," such that there existed a unity of interest and ownership between them, such that the separate personalities of said entities did not exist, and that Mark Alan Kaufman failed to respect said entities' separate identity by his failure to capitalize or otherwise complete formation of the companies, use of the corporate entities as mere shells, use of corporate assets as his own, failure to maintain arms length transactions among related entitles, use of the corporate entities to procure labor, services or merchandise for other entities, use of the corporate entities as a subterfuge for illegal transactions, and failure to observe corporate formalities.  Furthermore, it would sanction a fraud or promote an injustice to uphold the corporate entities and allow Kaufman to escape personal liability for his debts and tortuous conduct.

22.     Plaintiffs are informed and believe that thereon allege that at all times mentioned in this Complaint that each defendant, both fictitiously and actually named, was the principal, agent or employee of the other defendants, and acting as either principal or within the course and some of such employment or agency, took some part in the acts or omission hereinafter set for by reason of which each defendant, both fictitiously and actually named, are liable to Plaintiffs for the relief prayed for in this Complaint.

23.     Defendants Does 1-50, inclusive, are sued herein by such fictitious names because their true names and capacities are unknown to Plaintiffs.  Plaintiffs will seek leave to amend this Complaint when the Doe Defendants' names and capacities have been ascertained.   Upon information and belief, Plaintiffs allege that the fictitiously named defendants are in some manner legally liable for the actions, conduct and damages alleged in this Complaint.

**FACTUAL BACKGROUND**

24.     Plaintiffs bring this complaint to recover damages suffered by each of them, by and through a scheme orchestrated by Mark Alan Kaufman and the other defendants herein to defraud them.

25.     Irvin Laxineta met Mark Alan Kaufman in 1997. He began to make investments with Mark Alan Kaufman. The initial investments having gone well, Irvin Laxineta introduced Mark Alan Kaufman to his family members, the Meisels and a business partner. Over the next 13 years, Mr. Laxineta's family and business partner would invest in excess of $7,100,000.00 (seven million one hundred thousand dollars) with Mark Alan Kaufman. These investments are currently in danger of being lost in their entirety due to Defendants' wrongful and unlawful conversion of the investments, and the wealth created by the investments, as set forth herein.

26.     In order to induce Plaintiffs to invest in his real estate syndications, Mark Alan Kaufman made false material and misleading representations and omissions. Among other things, Mark Alan Kaufman represented that he was a licensed real estate broker, that he had a financial worth of a certain level, and that he was experienced and successful in real estate matters. These misrepresentations and omissions were repeatedly set forth in the solicitation materials and placement materials provided to Plaintiffs.

27.     Contrary to these representations, Mark Alan Kaufman was not a licensed real estate broker, declared bankruptcy in 1995, and lacked the expertise, licensure and financial worth claimed in the solicitation and placement materials.

28.     During the period of 2002, or before, and continuing through 2009, plaintiffs were induced by Defendants' fraudulent representations and omissions to invest in excess of $7,100,000 (seven million one hundred thousand dollars) in the following thirty-four (34) investments, or predecessor entities, whose syndications were prepared by Defendants:

1.     12th Street Courtyard East Apartments, LLC, a California limited liability company

2.     14360 Valerio Street Apartments, LLC, a California limited liability company

3.     15202-222 Victory Boulevard, LLC, a California limited liability company

4.     20615 Vanowen Street Apartments, LP, a California limited partnership

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

5.   248 S Occidental Blvd Apartments, LP, a California limited liability company

6.   4438 Vesper Avenue LLC, a California limited liability company

7.   5611 Fulcher Avenue Apartments, LP, a California limited partnership

8.   5714-17 Elmer Avenue-DE, LLC, a Delaware limited liability company

9.   6091 East Golf Links Road, LLC, an Arizona limited liability company

10. 706 & 815 Soto Street Apartments, LLC, a California limited liability company

11. 7410 Woodman Street LLC, a California limited liability company

12. Devonshire Plaza, LLC, a California limited liability company

13. Eagle Mountain Village, LLC, an Arizona limited liability company

14. Evergreen Plaza Investment LLC, a California limited liability company

15. Kaufman AZ Earll LLC, an Arizona limited liability company

16. Kaufman AZ Gaming, LLC, an Arizona limited liability company

17. Kaufman Boulder Marketplace LLC a Nevada limited liability company

18. Kaufman Catalina Village, LLC, a Delaware limited liability company

19. Kaufman Eastern B LLC, a Nevada limited liability company

20. Kaufman Greenbrae Center, LLC, a Nevada limited liability company

21. Kaufman Kittridge, LP (formerly 11750 Kittridge Ave Apartments), a Delaware limited partnership

22. Kaufman Craycroft Gardens, LLC, an Arizona limited liability company

23. Kaufman Marketplace, LP, a Delaware limited partnership

24. Kaufman Pure Office, LLC

25. Kittridge Palmdale Apartments, LLC, a California limited liability company

26. Midland 256 Rampart, LP (formerly 256 S Rampart St Apartments), a Delaware limited partnership,

27. Normandie Court, LLC, a California limited liability company

28. Normandie Court II, LLC a California limited liability company

29. Normandie Court III, LLC a California limited liability company

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

30. Valerio Lennox Townhomes, LLC, a California limited liability company

31. Vesper Moorpark Apartments, LLC, a California limited liability company

32. Victory Woodman Retail Center, LLC, a Delaware limited liability company

33. Waco Tiara LP (formerly 11422-26 Tiara St LP), a Delaware limited liability company.

34. Kaufman West County Center, LLC, A Delaware limited liability company.

29. Twenty-seven (27) of the investments made by plaintiffs were the form of limited liability companies created under the laws of the State of California, Arizona, Delaware and Nevada.

30. Seven (7) of the investments created by defendants were in the form of limited partnerships.

31. Mark Alan Kaufman, individually became the sole managing member of some or all of the limited liability companies and/or the general partner of each of the limited partnerships.

32. The operating agreements for the limited liability companies and the limited partnership agreements for the partnerships provided that each limited liability company was organized solely for the purpose of owning a specific investment and that said company: (1) would not own property other than the property that it was organized to purchase; (2) would not borrow except in order to purchase the real property which was the subject of the syndication; (3) would not make any loans; (4) would maintain separately from other entities its books records and financial statement; and, (5) would maintain arms length relationships with other entities, and not commingle funds.

33. Unbeknownst to Plaintiffs until March of 2010, Defendants acted in secret during the course of these investments to wrongfully and unlawfully obtain and convert Plaintiffs' investments and wealth created by participating investments.

34. From in or about 2002, or before, and continuing to and through the present, Defendants took management, brokers and/or other unauthorized fees to which Defendants were not entitled.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

35.     From in or about 2002, or before, and continuing to and through the present, Defendants incurred indebtedness of the participating investments for the purpose of converting said funds to Defendants' own personal use.

36.     From in or about 2002, or before, and continuing to and through the present, Defendants took undocumented and unauthorized sums from the investments, later falsely characterized as "loans," which in any event were not repaid.

37.     From in or about 2002, or before, and continuing to and through the present, Defendants commingled wrongfully monies generated by the certain investments with other investments failing to keep separate records.

38.     From in or about 2002, or before, and continuing to and through the present, Defendants provided materially misleading or insufficient accounts and statements of the status of investments.

39.     From in or about 2002, or before, and continuing to and through the present, Defendants used wealth created by the participating investments to which Defendants had no entitlement, to purchase further interests for Defendants, which scheme and device generated additional funds which were unlawfully converted to Defendants' personal use, or re-invested for Defendants' own benefit, over and over again.

40.     Defendants were unaware of the above-mentioned fraudulent and deceptive acts on the part of Defendants until March of 2010.

41.     Beginning in October of 2009, or before, and most recently in April of 2010, Defendant Mark Alan Kaufman approached Plaintiffs Andrew Meisel, Robin Meisel, and Irvin Laxineta for loans for the expressed purpose of meeting the financial operational needs of various entities Plaintiffs are invested in, citing the insufficiency of current funds to meet the debt service on various investment properties.

42.     In March of 2010, Plaintiffs made demand on Defendant Mark Alan Kaufman to provide them with documents supporting the financial need for such loans. Plaintiff further made demands on Defendant Mark Alan Kaufman to support statements he made regarding the need for

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

those loans during the course of meetings which took place at Plaintiffs' attorney's office in San Francisco, California.

43.     Upon receipt and review of such documents at plaintiffs' attorneys office in San Francisco, CA, and in conjunction with other materials Plaintiffs obtained through other sources, it became apparent that Defendants Mark Alan Kaufman had engaged in the conduct set forth above in paragraphs 33 through 39.

44.     During the course of meetings at Plaintiffs' attorney's office in San Francisco on March 11, 2010, Defendant Mark Alan Kaufman admitted to and transmitted an e-mail admitting to in excess of fifty (50) illegal and unauthorized separate transactions in which Defendants withdrew sums from the real estate syndications, and which Defendants admittedly used for themselves, or made inter-company transfers between investments.  These withdrawals totaled millions of dollars, and were contrary to the express terms of the agreements.

45.     Subsequent to the filing of the Complaint in this action on April 26, 2010, Plaintiffs discovered that Defendants had knowingly and willfully ignored instructions from Plaintiffs with respect to distribution of investment monies and returns they were entitled to receive. In April of 2010, despite acknowledgment by Defendant Mark Kaufman of clear instruction from Plaintiffs' counsel to return Plaintiffs' profit on the sale of the Valerio Lennox Townhomes, LLC investment, Defendant Mark Kaufman and the other defendants herein intentionally and knowingly ignored such instruction and converted these funds to their own use by putting them into a new investment entity.

46.     A number of the properties owned by the limited partnerships and limited liability companies are in danger of being lost through foreclosure as the income from said properties is insufficient to meet the debt service due to the defalcations as set forth above.

### The Eagle Mountain Note

47.     On January 27, 2005, Mark Alan Kaufman issued a secured promissory note to Sybil Meisel in the amount of $100,000.00 (One Hundred Thousand Dollars) for a loan from her. The note was due and payable in full on November 15, 2009.   Under the terms of the note, the

note was secured by Mark Kaufman's interest in Eagle Mountain Village, LLC, which owns the real property at 14853 East Shea Boulevard, Fountain Hills, AZ. This note was also secured by a personal guarantee by Mark Kaufman. The note was signed by Mark Kaufman in his capacity as manager of Eagle Mountain Village, LLC. The note contained an attorney's fees provision. The note was not paid on or after November 15, 2009. Despite demand having been made, the note is now in default.

### The Vanowen Street & Normandie Court Note

48.     On June 9, 2003, Mark Alan Kaufman issued a secured promissory note to Sybil Meisel in the amount of $100,000.00 (One Hundred Thousand Dollars) for a loan from her. The note was initially due and payable in full on June 30, 2004.   Under the terms of the note, the note was secured by Normandie Court III, LLC's and 15352 Vanowen Street Apartments, LLC's interest in the real property at 3635-3749 East Thousand Oaks Boulevard, Thousand Oaks, California.   The note was signed by Mark Kaufman in his capacity as managing member of Normandie Court III, LLC and 15352 Vanowen Street Apartments, LLC.  When the note became due the parties entered into a written and oral extension of due date of the note, contingent upon Mark Alan Kaufman continuing to pay interest on the note.  Mark Alan Kaufman has ceased paying interest on the note, and the note is now due and payable. The note has not been paid, and despite demand for payment having been made, the note is now in default.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### UNIFORM FRAUDULENT TRANSFER ACT (CIVIL CODE § 3439)
#### (Against All Named Defendants and Does 1-50)

49.     Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set in the preceding paragraphs.

50.     The Operating Agreements for each of the 34 real estate syndications which are the subject of this action provide that each investment is a single purpose investment, that the investors are entitled to the income earned by the investment, that the investors are entitled to the

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

profits on the sale of the properties, that the investors have a right to a properly maintained capital account, that the right to use or possess the partnership property belongs solely to the limited partnership, or limited liability company, and that loans may be made only for the benefit of that investment.

51.     From in or about 2002, or before, and continuing to and through the present, unbeknownst to Plaintiffs, Defendants knowingly made unauthorized transfers of funds in the form of "loans" from these investments and used said funds, contrary to the terms of the operating agreements, for Mark Kaufman's personal benefit or for the benefit of unrelated investments so that Defendants could continue to receive management and ancillary recurring fees, as well as to avoid personal liability on recourse loans.

52.     From in or about 2002, or before, and continuing to and through the present, contrary to the terms of the operating agreements Defendants transferred monies from one investment entity to another thereby commingling funds of various investment entities and properties, and juggling expenses of the syndications as if they were a single entity;

53.     From in or about 2002, or before, and continuing to and through the present, Defendants knowingly breached the loan covenants with the mortgage holding lenders by making unauthorized transfers of funds in the form of "loans" contrary to the terms of the loan covenants, thereby jeopardizing the financing and putting the real properties at risk.

54.     When Defendants made these unauthorized transfers in the form of "loans", they did so with an actual intent to hinder, delay, or defraud Plaintiffs in pursuing returns of their investments and profits associated with such investment entities, resulting in the Plaintiffs' failure to receive distributions and profits they would have otherwise received.

55.     When Defendants made these transfers in the form of "loans" they did so without obtaining the return of reasonably equivalent consideration leaving the investments with insufficient capital to engage in the ongoing business of said investments.

56.     When Defendants made these transfers in the form of "loans" they believed or reasonably should have believed that the debts incurred would not be repaid.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

57.     The debts incurred have not been fully repaid.

58.     As a proximate result of Defendants' conduct herein, Plaintiffs are entitled to: (a) avoidance of the transfer or obligation to the extent necessary to satisfy Plaintiffs' claims; (b) an attachment or other provisional remedy against all assets transferred, or their proceeds, (c) an injunction against further disposition by the Defendants or a transferee, or both, of the funds transferred;  (d) appointment of a receiver to take charge of the funds transferred; and, (e) any other relief the circumstances may require.

### SECOND CLAIM FOR RELIEF

#### FRAUD IN THE OFFER OR SALE OF SECURITIES
#### VIOLATIONS OF §10(B) OF THE EXCHANGE ACT AND RULE 10B-5 THEREUNDER
#### (Against All Named Defendants and Does 1-50)

59.     Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

60.     As set forth more specifically above, the Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

    a.   employed devices, schemes, or artifices to defraud;

    b.   made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c.   engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

61.     Specifically, Defendant Mark Alan Kaufman, and the other defendants, between 1995 and 2010, established as many as sixty (60) investment vehicle entities, consisting of limited liability companies and limited partnerships.  Defendants then solicited Plaintiffs to invest in the entities, and offered and sold security interests in at least thirty-four (34) investment entities to Plaintiffs.  Mark Kaufman solicited Plaintiffs, and offered and sold the security interests in the

14

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

aforementioned investment vehicles to Plaintiffs by mailings, electronic mail, telephone calls, electronic wire transfers, and through interstate communications. Mark Kaufman committed the foregoing acts, including (1) setting up a systematic scheme of investment opportunities, (2) making material representations, and (3) omitting material facts with respect to such investment opportunities, with the net result of defrauding or deceiving Plaintiffs into investing cash which Defendants utilized for themselves. Mark Kaufman engaged in the aforementioned conduct intentionally or recklessly, in breach of contracts, fiduciary duties, and applicable statutes and common laws, all to Plaintiffs' detriment.

62.     Had Plaintiffs known of Mark Kaufman's true intent, premeditated scheme, and material misrepresentations and omissions, Plaintiffs would not have purchased any of the security interests in the entities specified in paragraph 28.

63.     By engaging in the conduct described above, Defendants, and each of them, directly or indirectly, violated Section 10(b) of the Exchange Act [15 U.S.C. Section 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. Section 240.10b-5].

64.     As a proximate cause of Defendants' conduct as described above, Plaintiffs, and each of them, have been damaged, in a sum in excess of $7,100,000 (seven million one hundred thousand dollars). The sums of such damages will be proven at trial. Furthermore, Plaintiffs are entitled to attorneys' fees. Plaintiffs reserve the right to seek leave of this Court to amend this Complaint to set forth the true and exact amount thereof when such amounts are ascertained.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1962(a)-(c)
#### (Against all Named Defendants and Does 1-50)

65.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

### The RICO Enterprise

66.     Plaintiffs are informed and believe and based thereon allege, that Defendants, and each of them, and Does 1-50, acting in concert and as agents of one another, comprise an

association in fact, referred to herein as the "Kaufman Asset Theft Enterprise."

67.     Plaintiffs are informed and believe and based thereon allege, that the continuing association formed by these parties constitutes a RICO enterprise within the meaning of 18 U.S.C. § 1961(4).

### Pattern of Racketeering Activity

68.     Plaintiffs are informed and believe and based thereon allege, that from in or about 2002, or before, and continuing to and through the present, Defendants, and each of them, and Does 1-50, acting in concert and as agents of one another, have unlawfully, knowingly, and intentionally conducted and participated, and continue to conduct and participate, in the affairs of the Kaufman Asset Theft Enterprise, through a pattern of racketeering activity that includes devising and intending to devise and execute a multi-faceted scheme and artifice to defraud and to obtain money or property by means of false and fraudulent pretenses, representations, and promises, through the use of the U.S. mails, private and commercial interstate carriers, through the use of interstate wires and radio communications, and the transfer through interstate commerce of property obtained by theft, conversion or fraud, having a value of more than $5,000.

69.     Plaintiffs are informed and believe and based thereon allege, that this racketeering activity was performed by Defendants, and Does 1-50, acting in concert and as agents of one another, in furtherance of their scheme:

(i)     to obtain and convert wrongfully and unlawfully the wealth created by the participating investments to themselves;

(ii)     to incur indebtedness of the participating investments for the purpose of converting said funds to Defendants' own personal use;

(iii)     to take management, brokers and other unauthorized fees to which Defendants were not entitled;

(iv)     to use wealth created by the participating investments to purchase their own stake in Plaintiffs' investments, which was used to generate additional funds which were converted to the personal use of Defendants;

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

(v)     to withdraw undocumented and unauthorized sums, later falsely characterized as "loans," which were not repaid;

(vi)     to commingle funds from one participating investment with another for purposes of obtaining and converting, wrongfully and unlawfully, wealth rightfully belonging to Plaintiffs;

(vii)     to falsely report and allocate the value, profits and losses of the investments for their own benefit; and,

(viii)   to destroy records of their racketeering activity.

70.     Defendants acting in concert and as agents of one another, have violated 18 U.S.C. § 1962(a)-(c), by conducting or participating in the conduct of the Enterprise's affairs through a pattern of racketeering activity.

## Use of the U.S. Mails, Private or Commercial Interstate Carriers, and Interstate Wires

71.     Plaintiffs are informed and believe and based thereon allege, that Defendants acting in concert and as agents of one another, have unlawfully, wilfully, and knowingly used the U.S. mails, private or commercial interstate carriers, and interstate wires in furtherance of their scheme and artifice to defraud Plaintiffs and deprive them of their property, profits and wealth, by a myriad of repeated acts including, but not limited to:

(i)     mailing and e-mailing solicitations to Plaintiffs at their homes in Marin County, California, containing material misrepresentations and omissions in order to induce Plaintiffs to invest in real estate syndications offered by Defendants, including false claims of experience, licensure and financial worth;

(ii)     telephoning and visiting Plaintiffs at their homes in Marin County, California, in order to make material misrepresentations and omissions in order to induce Plaintiffs to invest in real estate syndications formed and controlled by Defendants, including but not limited to false claims of the experience of the Defendants, licensure and financial worth;

(iii)     mailing and e-mailing materially misleading or insufficient accounts and statements of the status of Plaintiffs' investments to Plaintiffs at their homes in Marin County,

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

California; and,

  (iv) telephoning and visiting Plaintiffs at their homes in Marin County, California, in order to make materially misleading or insufficient accounts and statements of the status of Plaintiffs investments from the period of 2002 through 2010.

  72. Plaintiffs are informed and believe and based thereon allege, that Defendants, acting in concert and as agents of one another, have unlawfully, knowingly and intentionally engaged in two or more acts indictable under the Federal Mail Fraud Statute, 18 U.S.C. § 1341, the Federal Wire Fraud Statute, 18 U.S.C. § 1343 and 2315, and therefore unlawfully, fraudulently, and intentionally engaged in predicate acts of racketeering within the meaning of 18 U.S.C. § 1961(1)(B) and/or aided and abetted one another in such wrongful acts.

  73. As a direct and proximate result of the Defendants' acting in concert and as agents of one another and their wilful and lawful participation in and conduct of the Kaufman Asset Theft Enterprise through a pattern of racketeering in violation of 18 U.S.C. § 1962(a)-(c), Plaintiffs have been injured in their business and property in myriad ways, including but not limited to:

  (i) the loss of Plaintiffs' investments in the real estate syndications in excess of $7,100,000 (seven million one hundred thousand dollars);

  (ii) the impending loss through foreclosure of the real property owned by each and every limited partnership or limited liability company in which Plaintiffs invested; and

  (iii) losses associated with investigating and mitigating the damages associated with Defendants' manipulation of Plaintiffs' investment funds.

  74. Plaintiffs are entitled to an accounting by Defendants for any monies that Defendants have received from Plaintiffs. Pursuant to 18 U.S.C., § 1964, Plaintiffs are entitled to damages, including treble damages, for the injuries, and are entitled to costs of the suit, including reasonable attorneys' fees. Such damages will be proven at trial. Alternatively, Plaintiffs reserve the right to seek leave of this Court to amend this Complaint to set forth the true and exact amount thereof when such amount has been ascertained.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT
ORGANIZATIONS ACT, 18 U.S.C. § 1962(d)
(Against all Named Defendants and Does 1-50)**

75.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

76.     Plaintiffs are informed and believe and thereon allege, that Defendants Mark Kaufman, Kaufman Properties, Mark Alan Kaufman Properties, Inc., Mark Kaufman Properties, Inc., Midland MAK Management, LLC, ad Does 1-50, intentionally acting in concert and as agents of one another, have unlawfully, fraudulently, and intentionally conspired together to violate 18 U.S.C. § 1962(d).

77.     Specifically, upon information and belief, Defendants acting in concert and as agents of one another, have unlawfully, fraudulently, and intentionally conspired together to obtain and convert wrongfully Plaintiffs' investment funds and the wealth created by the participating investments and conduct other illegal activities in furtherance of their scheme to defraud Plaintiffs.

78.     As a direct and proximate result of Defendants' wrongful and unlawful actions described herein, Plaintiffs have sustained actual damages according to proof at trial and will continue to incur and sustain such damages in the future on an ongoing and continuing basis. Plaintiffs reserve the right to seek leave of this Court to amend this Complaint to set forth the true and exact amount thereof when such amount has been ascertained.

**FIFTH CLAIM FOR RELIEF**

**FRAUD –INTENTIONAL MISREPRESENTATION (CIVIL CODE § 1572)
(Against Mark Alan Kaufman and Does 1-50)**

79.     Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set in the preceding paragraphs.

80.     In order to induce Plaintiffs to invest in the real estate syndications which are the subject of this action, Defendant Mark Alan Kaufman made false material and misleading representations and omissions.  Mark Alan Kaufman represented that he was a licensed real estate

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

broker, that he had a financial worth of a certain level, and that he was experienced and successful in real estate matters. These misrepresentations were repeatedly set forth in the solicitation materials and placement materials provided to Plaintiffs with regard to each investment.

81. Contrary to these representations, Mark Alan Kaufman was not a licensed real estate broker, declared bankruptcy in 1995, and lacked the expertise, licensure and financial worth claimed in the solicitation and placement materials.

82. When Defendant Mark Alan Kaufman made these representations to Defendants, he knew them to be false and made these representations with the intention to deceive and defraud Plaintiffs and with the expectation they would induce Plaintiffs to invest in the investments which are the subject of this action.

83. The Plaintiffs, at the time these representations were made by Mark Alan Kaufman and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of the Defendants' representations and believed them to be true. In reliance on these representations, Plaintiffs were induced to, and did invest in the real estate syndications which are the subject of this action. Had Plaintiffs known the actual facts, they would not have taken such action.

84. As a proximate result of Defendants' conduct herein, Plaintiffs have been damaged in amounts, including but not limited to, the loss of the funds given to Defendants for investment, and any profit reasonably expected from said investments. Plaintiffs are entitled to an accounting by Defendants. Defendants acted with fraud, malice and with the intent to damage Plaintiffs, entitling Plaintiffs to an award of punitive damages. Plaintiffs reserve the right to seek leave of this Court to amend this Complaint to set forth the true and exact amounts thereof when such amounts have been ascertained.

## SIXTH CLAIM FOR RELIEF

### FRAUD –NEGLIGENT MISREPRESENTATION (CIVIL CODE § 1710(2))
### (Against All Named Defendants and Does 1-50)

85. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set in the preceding paragraphs.

86. In order to induce Plaintiffs to invest in the real estate syndications which are the

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

subject of this action, Defendant Mark Alan Kaufman made false material and misleading representations and omissions.  Mark Alan Kaufman represented that he was a licensed real estate broker, that he had a financial worth of a certain level, and that he was experienced and successful in real estate matters.  These misrepresentations were repeatedly set forth in the solicitation materials and placement materials provided to Plaintiffs with regard to each investment.

87.     When Defendant made these representations, he had no reasonable grounds for believing them to be true.  Mark Alan Kaufman was not a licensed real estate broker, declared bankruptcy in 1995, and lacked the expertise, licensure and financial worth claimed in the solicitation and placement materials.

88.     When Defendant Mark Alan Kaufman made these representations to Plaintiffs, he knew them to be false and made these representations with the intention to deceive and defraud Plaintiffs and with the expectation they would induce Plaintiffs to invest in the investments which are the subject of this action.

89.     The Plaintiffs, at the time these representations were made by the defendant and at the time Plaintiffs took the actions herein alleged, was ignorant of the falsity of the Defendants' representations and believed them to be true.  In reliance on these representations, Plaintiffs were induced to, and did invest, in the investments which are the subject of this action.  Had Plaintiffs known the actual facts, they would not have taken such action.

90.     As a proximate result of Defendants' conduct herein, Plaintiffs have been damaged in amounts, including but not limited to, the loss of the funds given to Defendants for investment, and any profit reasonably expected from said investments. Plaintiffs are entitled to an accounting by Defendants. Defendants acted with fraud, malice and with the intent to damage Plaintiffs, entitling Plaintiffs to an award of punitive damages.  Plaintiff reserves the right to seek leave of this Court to amend this Complaint to set forth the true and exact amounts thereof when such amounts have been ascertained.

////

////

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

## SEVENTH CLAIM FOR RELIEF

### FRAUD –PROMISE WITHOUT INTENT TO PERFORM (CIVIL CODE § 1710(4))
(Against All Named Defendants and Does 1-50)

91.     Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set in the preceding paragraphs.

92.     Defendants promised Plaintiffs that each limited liability company and limited partnership was organized solely for the specific purpose of owning a specific investment, that each company would own only the real property that it was organized to purchase, that no investment company would borrow except in order to purchase the real property which was the subject of the syndication, that no investment company would make any loans, that each investment company would be maintained separately from other entities, and that each investment company would maintain only arms length transactions with other entities and individuals

93.     At the time Defendants made the promises to Plaintiffs, the Defendants had no intention of performing them.

94.     The promise was made by the Defendants with the intent to induce the Plaintiffs to invest in the real estate syndications which are the subject of this action.  When Defendants made these representations to Plaintiffs, they knew them to be false and made these representations with the intention to deceive and defraud Plaintiffs and with the expectation they would induce Plaintiffs to invest in the investments which are the subject of this action.

95.     The Plaintiffs, at the time these promises were made were ignorant of Defendants' secret intention not to perform the promises Defendants made to Plaintiffs.  Plaintiffs could not, in the exercise of reasonable diligence, have discovered the Defendants' secret intention.  In reliance on these representations, Plaintiffs were induced to, and did invest, in the investments which are the subject of this action.  Had Plaintiffs known the actual intention, they would not have taken such action.

96.     As a proximate result of Defendants' conduct herein, Plaintiffs have been damaged in amounts, including but not limited to, the loss of funds given to Defendants for investment, and any profit reasonably expected from said investments. Plaintiffs are entitled to an accounting by

Defendants. Defendants acted with fraud, malice and with the intent to damage Plaintiffs, entitling Plaintiffs to an award of punitive damages. Plaintiff reserve the right to seek leave of this Court to amend this Complaint to set forth the true and exact amounts thereof when such amounts have been ascertained.

### EIGHTH CLAIM FOR RELIEF

**FRAUD AND DECEIT–SUPPRESSION OF FACT (CIVIL CODE SECTION 1710(3))**
**(Against All Named Defendants and Does 1-50)**

97.     Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set in the preceding paragraphs.

98.     During the course of the investments, unbeknownst to Plaintiffs, Defendants took unauthorized management, brokers and/or other fees to which Defendants were not entitled, incurred indebtedness of the participating investments for the purpose of converting said funds to Defendants' own personal use, took undocumented and unauthorized sums from the investments, commingled wrongfully monies generated by the certain investments with other investments failed to keep separate records, and provided materially misleading or insufficient accounts and statements of the status of investments. At all pertinent times herein, Defendants intentionally suppressed their activities, which were both in contravention of written agreements and were unlawful.

99.     The failures to disclose and suppression of information herein alleged to have been made by Defendants were made with the intent to induce Plaintiffs to act in the manner herein alleged in reliance thereon.

100.     Plaintiffs, at the times these failures to disclose and suppressions of facts occurred, and at the time Plaintiffs took the actions herein alleged, were ignorant of the existence of the facts that Defendants suppressed and failed to disclose. If Plaintiffs had been aware of the existence of the facts not disclosed by Defendants, Plaintiff would not have, as they did, continue to invest with Defendants.

101.     As a proximate result of Defendants' conduct herein, Plaintiffs have been damaged in amounts, including but not limited to, the loss of all, or part of the funds given Defendants for

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

investment, and any profit reasonably expected from said investments. Plaintiffs are entitled to an accounting by Defendants. Defendants acted with fraud, malice and with the intent to damage Plaintiffs, entitling Plaintiffs to an award of punitive damages. Plaintiff reserves the right to seek leave of this Court to amend this Complaint to set forth the true and exact amounts thereof when such amounts have been ascertained.

## NINTH CLAIM FOR RELIEF

### CONVERSION
### (Against All Named Defendants and Does 1-50)

102.  Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

103.  At all times herein mentioned, and more specifically at various times beginning in around 1997 and continuing to present, Plaintiffs were, and still are entitled to possession of their personal property, consisting of consideration furnished by Plaintiffs, in the form of cash investments, in each and every limited liability company and limited partnership Plaintiffs invested in as set forth in paragraph 28, above, in amounts to be determined, with corresponding values, at all times, in the amount of the aforementioned cash investments, plus any profits derived therefrom.

104.  Beginning in 2002, and continuing to present, as dates and times to be determined, Defendants took the above-mentioned property of Plaintiffs from the limited liability companies and limited partnerships, and converted such property to his own use or benefit.

105.  As a proximate result of the conversion of Plaintiffs' property by Defendants, as alleged herein, Plaintiffs have been damaged. Plaintiffs seek damages in the amount of the value of the property converted, in an amount to be determined at trial, according to proof. Between the time of Defendant Kaufman's conversion of the above-mentioned property to his own use and the filing of this action, Plaintiffs expended time and money in pursuit of the converted property, all to Plaintiffs' further damage in a sum to be determined at trial, according to proof.

106.  In doing the things alleged above, Defendants acted intentionally and fraudulently and were intentionally engaging in self-dealing and misappropriation of assets belonging to the

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

companies and partnerships.  In so doing, Defendants acted with fraud, malice and with the intent to damage Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## TENTH CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTY
### (Against All Defendants)

107.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

108.    While a managing member of all of the limited liability companies and general partner of all of the limited partnerships identified in paragraph 28, above, Defendant Mark Alan Kaufman owed a fiduciary duty to each of said companies, partnerships, and their members and partners, including Plaintiffs.

109.    Defendant Mark Kaufman breached his fiduciary duties to the companies and members, partnerships and partners, and Plaintiffs, by engaging in various activities in breach of such fiduciary duties, including but not limited to the activities set forth in paragraphs 122 and 123, below.

110.    In engaging in the activities described above, Mark Kaufman intentionally or negligently failed to exercise the care required of a managing member and general partner, in that he failed to act in the best interests of the companies and their members, and the partnerships and their partners, as well as failed to fulfill obligations and abide by restrictions set forth in the Operating Agreements and Partnership Agreements.

111.    As a proximate result of Defendant Mark Kaufman's conduct, Plaintiffs, and each of them, have been damaged in an amount to be determined at trial according to proof.

112.    Plaintiffs are compiling information and documentation regarding the exact amount of damages, and will amend this complaint, if necessary, to allege the true amount of their damages when the same are ascertained.

113.    In engaging in the activities described above, Defendant Kaufman acted intentionally and fraudulently and was intentionally engaging in self-dealing and misappropriation of assets belonging to the companies and partnerships.  In so doing, Defendant

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Kaufman acted with fraud, malice and with the intent to damage Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## ELEVENTH CLAIM FOR RELIEF

### CONSTRUCTIVE TRUST, CALIFORNIA CIVIL CODE SECTION 2223
**(Against All Named Defendants and Does 1-50)**

114.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs

115.    By virtue of Defendant Mark Alan Kaufman's position as the manager of the limited liability companies and general partner of the limited partnerships identified above in which Plaintiffs were members and partners, Mark Kaufman owed to Plaintiffs, and all of them, a fiduciary duty. By virtue of Plaintiffs' having placed confidence in the fidelity and integrity of Mark Kaufman by entrusting him with the management of the funds invested by Plaintiffs in the limited liability companies and limited partnerships, a confidential relationship existed at all times mentioned herein between Plaintiffs and Mark Kaufman.

116.    Despite having voluntarily accepted the trust and confidence reposed in him by Plaintiffs with regard to the funds invested by Plaintiffs, and representing he would, among other things, assume and fulfill the duties and obligations set forth in paragraphs 122 and 123, below, in violation of this relationship of trust and confidence, Mark Kaufman abused the trust and confidence of Plaintiffs by, among other actions, wilfully or recklessly failing to perform and violating the aforementioned duties and obligations he voluntarily assumed, and represented he would perform and fulfill.

117.    The representations made by Defendant Mark Kaufman were in fact false. Mark Kaufman did not fulfill any of the aforementioned duties, and wilfully or recklessly violated the foregoing affirmative obligations. Plaintiffs' investments have not been returned by Defendant Kaufman, despite Plaintiffs' demand therefor.

118.    Defendant Mark Kaufman wilfully or recklessly failed to (a) perform or adhere to the aforementioned duties and affirmative obligations, or (b) return Plaintiffs' investments, but rather used the funds invested for his own personal use or benefit.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

119.    Defendant Mark Kaufman committed the acts herein complained of, including but not limited to making false representations and promises of which he intentionally or recklessly failed to perform, with the net result of wrongfully detaining Plaintiffs' property, in the form of cash investments, in each and every limited liability company and limited partnership Plaintiffs invested in as set forth in paragraph 28. By committing the acts alleged here, Defendant Mark Kaufman induced Plaintiffs to rely on the continuing exercise of the highest standard of care by him in performing and adhering to his duties and affirmative obligations as the manager of the limited liability companies and general partner of the general partnerships, in which Plaintiffs were invested as members and partners.

120.    Plaintiffs in fact placed confidence and reliance in Defendant Mark Kaufman until on or about March 7, 2010 when by an electronic email of the same date, Plaintiffs discovered facts concerning the purported transactions made for Mark Kaufman's personal use and benefit, as further set forth above.  Had Plaintiffs known the true facts and intent of Mark Kaufman, including the facts that he (a) made intentional or reckless misrepresentations; (b) made promises of which he intentionally or recklessly failed to perform; and (c) actively or recklessly concealed material facts, Plaintiffs would not have invested in any of the limited liability companies or limited partnerships identified in paragraph 28, above. Plaintiffs reasonably relied on Mark Kaufman in view of their confidential relationship and the fiduciary duty owed by him to Plaintiffs.

121.    By reason of the fraudulent and otherwise wrongful manner in which Defendant Kaufman obtained his alleged right, claim or interest in and to Plaintiffs' property, in the form of cash investments in the limited liability companies and limited partnerships identified in paragraph 28, above, Defendant Kaufman has no legal or equitable right, claim or interest therein, but instead, Defendant Kaufman is an involuntary trustee holding said property, and profits therefrom, in constructive trust for Plaintiffs, with the duty to convey the same to Plaintiffs forthwith.

122.    As a proximate result of the foregoing actions committed by Defendant Kaufman,

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

as alleged herein, Plaintiffs have been damaged and seek damages in an amount to be determined at trial according to proof.

123.    Plaintiffs are compiling information and documentation regarding the exact amount of damages, and will amend this complaint, if necessary, to allege the true amount of their damages when the same are ascertained.

124.    In doing the things alleged above, Defendant Mark Kaufman, acted intentionally and fraudulently and was intentionally engaging in self-dealing and misappropriation of assets belonging to the companies and partnerships. In so doing, Defendant Kaufman acted with fraud, malice and with the intent to damage Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## TWELFTH CLAIM FOR RELIEF

### CONSPIRACY
### (Against All Named Defendants and Does 1-50)

125.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

126.    Plaintiffs are informed and believe and based thereon allege, that from 2002, or before, and continuing to and through the present, Defendants Mark Kaufman, Kaufman Properties, Mark Alan Kaufman Properties, Inc., Mark Kaufman Properties, Inc., and Midland MAK Management, LLC, and Does 1-50, acting in concert and as agents for one another, knowingly and wilfully conspired and agreed among themselves to damage the Plaintiffs by:

(i)    wrongfully and unlawfully converting the wealth created by the participating investments;

(ii)    making false material and misleading misrepresentations and omissions in order to induce Plaintiffs to invest with Defendants;

(iii)    incurring indebtedness of the participating investments, for the purpose of converting said funds to Defendants' own personal use;

(iv)    taking management, brokers and/or other unauthorized fees to which Defendants were not entitled;

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

(v)   withdrawing undocumented and unauthorized sums from the investments, later falsely characterized as loans, which in any event were not repaid;

(vi)   commingling wrongfully monies generated by certain investments with other investments failing to keep separate records;

(vii)   providing materially misleading or insufficient accounts and statements of the status of investment; and,

(viii)   using wealth created by participating investments to which Defendants had no entitlement to purchase further interests for Defendants, which scheme and device generated additional funds which were unlawfully converted to Defendants' personal use, or re-invested for Defendants' own benefit, over and over again.

127.   Plaintiffs are informed and believe and based thereon allege, that pursuant to such conspiracy, and in furtherance thereof, Defendants, acting in concert and as agents for the others, during the period of 2002, or before, and continuing to and through the present, did wrongfully commit the acts herein alleged.

128.   Plaintiffs are informed and believe and based thereon allege, that as a proximate result of Defendants' wrongful acts described in the preceding paragraphs, Plaintiffs were harmed by the loss and wrongful conversion of wealth created by the participating investments.   The sums of such damages will be proven at trial.   Plaintiffs reserve the right to seek leave of this Court to amend this complaint to set forth the true and exact amount thereof when such amount has been ascertained.

129.   Plaintiffs are also entitled to an accounting by Defendants regarding the above-entitled matters.

130.   In doing these things herein alleged, Defendants acted with malice, oppression, and fraud, by wilfully intending to cause injury to Plaintiffs. Defendants were therefore guilty of malice, oppression or fraud in conscious disregard of Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

**THIRTEENTH CLAIM FOR RELIEF**

**BREACH OF CONTRACT**
**(Against All Named Defendants and Does 1-50)**

131.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

132.    Starting in or around 1997, Plaintiffs entered into numerous written agreements, in the form of limited liability company "Operating Agreements" and limited partnership "Partnership Agreements," with Defendant Mark Alan Kaufman, and the other defendants herein, for the formation and operation of limited liability companies and limited partnerships, as specified in paragraph 28. The basic purpose of the agreements was to acquire real property in various locations for investment purposes.

133.    All of the Partnership Agreements, although not identical, are substantially similar in their terms and provisions and generally all provide, among other things, that: (a) Defendant Mark Kaufman is the sole General Partner of the partnership; (b) the partnership will not own any asset or property other than the investment property; (c) the partnership will not commingle assets with any other person or entity; (d) the partnership will maintain its books, records, financial statements, accounting records, bank records, and other entity documents in its own name and separate from any other person; and (e) the partnership will maintain arms-length relationships with all affiliates.

134.    In his capacity as general partner of the limited partnerships, Defendant Mark Kaufman breached each of the Partnership Agreements in numerous respects, including but not limited to:

      a.   Failure to keep complete and accurate copies of the records as required by the Partnership Agreements;

      b.   Caused or allowed the funds of each partnership to become commingled with the  funds of another person or entity in violation of the Partnership Agreements;

      c.   Maintained other than arms-length transactions with the partnership and other affiliates in violation of the Partnership Agreements; and

d. Caused or allowed the partnership to own assets or property other than the investment property in violation of the Partnership Agreements.

135. All of the Operating Agreements, although not identical, are substantially similar in their terms and provisions and generally all provide, among other things, that: (a) the limited liability company will not commingle assets with any other person or entity; (b) the limited liability company will maintain its books, records, financial statements, accounting records, bank records, and other entity documents in its own name and separate from any other person; (c) the limited liability company will maintain arms-length relationship with all affiliates; (d) the limited liability company will have no indebtedness other than certain known indebtedness to banks necessary to purchase the property; and (e) the limited liability company will not make any loan to any person or entity. Many of the Operating Agreements entered into between the parties, as more particularly described in paragraph 32, above, further provided that: (f) Mark Kaufman holds the majority interest in each property; (g) Defendant Mark Kaufman is the sole managing member of the company; (h) Mark Kaufman, or one of his entities set forth in paragraphs 18 through 20, above, shall serve as the management company for the investment property, and shall receive a management fee for its services; (i) the limited liability company is a "Single Purpose Entity" organized solely for the purpose of owning specific investment property; and (j) the limited liability company will not own any asset or property other than the investment property.

136. In his capacity as manager of the limited liability companies, Defendant Mark Kaufman breached each of the Operating Agreements in numerous respects, including but not limited to:

a. Failure to keep complete and accurate copies of the records required by Paragraph 3.1 or similar provisions of the Operating Agreements;

b. Caused or allowed the funds of each Company to become commingled with the funds of another Person(s) in violation of Paragraph 4.2 (xiii) or similar provisions of the Operating Agreements;

c. Taken actions which violate the single purpose of the company as set forth in Paragraphs 4.2 (i)-(iii) or similar provisions of the Operating Agreements;

d. Maintained other than arms-length transactions with the company and other affiliates in violation of Paragraph 4.2(xix) or similar provisions of the Operating Agreements;

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

e.   Caused the company to incur indebtedness in contravention of Paragraph 4.2(xx) or similar provisions of the Operating Agreements;

f.   Caused the company to make loans in contravention of Paragraph 4.2 (xxvi) of or similar provisions of the Operating Agreements.; and,

g.   Breached the duty of care imposed on the manager to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct or knowing violation of the law by engaging in self dealing with and conversion and embezzlement of each of the company's assets in contravention of Paragraph 7.8 or similar provisions of the Operating Agreements.

137.   As a proximate result of Defendant Mark Kaufman's conduct, Plaintiffs, and each of them, have been damaged.

138.   Plaintiffs are entitled to and seek rescission of all contracts entered into with Defendants.   Alternatively, Plaintiffs seek damages in an amount to be determined at trial according to proof.

139.   Plaintiffs are compiling information and documentation regarding the exact amount of damages, and will amend this complaint, if necessary, to allege the true amount of their damages when the same are ascertained.

140.   In accordance with the Operating Agreements and Partnership Agreements, Plaintiffs are entitled to attorney's fees and costs associated with investigating and pursuing this action.

### FOURTEENTH CLAIM FOR RELIEF

### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against All Named Defendants and Does 1-50)

141.   Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

142.   California law applies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

143.   As a result of the actions of Defendant Kaufman as herein set forth in this complaint, Defendant Kaufman has violated the implied covenant of good faith and fair dealing contained in the Operating Agreements and Partnership Agreements entered into between Plaintiffs and Defendant Kaufman as against the Plaintiffs.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

144.    As a proximate result of the actions of Defendant Kaufman as set forth in this complaint in violation of said implied covenant of good faith and fair dealing, Defendant Kaufman has caused Plaintiff to suffer damages in that Plaintiffs have lost their cash investments made in the limited liability companies and limited partnerships specified in paragraph 28, above.

145.    Plaintiffs seek damages in an amount to be determined at trial according to proof.

146.    Plaintiffs are compiling information and documentation regarding the exact amount of damages, and will amend this complaint, if necessary, to allege the true amount of their damages when the same are ascertained.

### FIFTEENTH CLAIM FOR RELIEF

**NEGLIGENCE**
**(Against Defendant Mark Alan Kaufman and Does 1-50)**

147.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

148.    Plaintiffs allege that Defendant Kaufman, by the acts and omissions specified above in this complaint, negligently caused damages to Plaintiffs.

149.    As a proximate result of Defendant Kaufman's acts and omissions as described herein, Plaintiffs, and each of them, have been damaged in an amount to be determined at trial according to proof.

150.    Plaintiffs are compiling information and documentation regarding the exact amount of damages, and will amend this complaint, if necessary, to allege the true amount of their damages when the same are ascertained.

### SIXTEENTH CLAIM FOR RELIEF

**RESCISSION, CALIFORNIA CIVIL CODE SECTION 1688 ET SEQ.**
**(Against All Named Defendants and Does 1-50)**

151.    Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

152.    At all times mentioned herein, and more specifically at various times beginning in 1997 and continuing to and through the present, Plaintiffs entered into numerous written

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

agreements, in the form of limited liability company Operating Agreements and Partnership Agreements, with Defendant Mark Kaufman, and other investors who are not parties to this action, for the formation and operation of limited liability companies and limited partnerships, as specified in paragraph 28, above, to acquire real property in various locations for investment purposes.

153.    At all times mentioned herein, and more specifically at various times beginning in 1997 and continuing to and through the present, Defendant Kaufman, with intent to deceive Plaintiffs and to induce Plaintiffs to enter into the Operating Agreements and Partnership Agreements, represented he would, among other things, assume and fulfill the duties and obligations set forth in paragraphs 133 and 134, above.

154.    The representations made by Defendant Mark Kaufman were both intentional and false. Defendant Kaufman had no intention of (a) performing or adhering to the aforementioned duties and affirmative obligations; or (b) returning Plaintiffs' investments, but rather obtained the funds for the purpose of investing for his own personal use or benefit.

155.    Defendant Kaufman did the acts herein complained of, including but not limited to making false representations and promises of which he had no intention of performing, with the intent to deceive and defraud Plaintiffs into entering into the Operating Agreements and Partnership Agreements.

156.    Defendant Kaufman did the acts herein alleged with the intent to induce reliance by Plaintiffs to enter into the Operating Agreements and Partnership Agreements.

157.    Based on Defendant Kaufman's representations that he would act as the manager of the limited liability companies and general partner of the partnerships identified above in which Plaintiffs would be members, Defendant owed to Plaintiffs, and all of them, a fiduciary duty. By virtue of Plaintiffs' having placed confidence in the fidelity and integrity of Defendant Kaufman in entrusting Defendant with the management of the funds to be invested by Plaintiffs in the limited liability companies and partnerships, a confidential relationship existed at all times mentioned herein between Plaintiffs and Defendant Kaufman, and Plaintiffs in fact placed

reasonable reliance in Defendant Kaufman in entering into the Operating Agreements and Partnership Agreements.

158.   Under the terms of the Operating Agreements and Partnership Agreements, Plaintiffs have diligently performed all of their duties as members of the limited liability companies and limited partners of the limited partnerships.   Specifically, Plaintiffs invested all cash sums required to be invested by them under the Operating Agreements and Partnership Agreements.

159.   Under the terms of the Operating Agreements and Partnership Agreements, Defendant Kaufman has committed numerous breaches of contract, including but not limited to failing to perform the duties and obligations set forth in Paragraphs 133 and 134.

160.   As a proximate result of Defendant Mark Kaufman's conduct, Plaintiffs have been damaged.

161.   Plaintiffs did not have knowledge of the injury caused to them by Defendants' conduct until on or about March 7, 2010, when Defendant Mark Alan Kaufman sent an electronic email of the same date to plaintiffs' attorney in San Francisco, CA, admitting that multiple personal and inter-company loans he had cause to be taken from the investment entities described in paragraph 28, above. Plaintiffs discovered facts concerning the purported transactions made for Defendant's personal use and benefit, as further specified in paragraph 28, above.

162.   Plaintiffs intend service of summons of this complaint to serve as notice of rescission of the aforementioned Operating Agreements and Partnership Agreements, and hereby offers to restore all consideration furnished by Defendant Kaufman under said Operating Agreements and Partnership Agreements, on condition that Defendant Kaufman restore to Plaintiffs the consideration furnished by Plaintiffs, in the form of cash investments, in each and every limited liability company and limited partnership Plaintiffs invested in as set forth in paragraph 28, above, in amounts to be determined.

163.   Plaintiffs will suffer irreparable and substantial harm if consideration furnished by Plaintiffs, in the form of cash investments in the limited liability companies and limited

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

partnerships specified in paragraph 28, above, in amounts to be determined, with interest thereon at the rate of ten percent per annum, is not restored, in that Mark Kaufman will continue to misappropriate Plaintiffs' property, with the potential to permanently dispose of such property.

164.     Plaintiffs seek a determination by this Court that said Operating Agreements and Partnership Agreements have been rescinded and ordering restitution of the consideration paid by Plaintiffs in the form of cash investments in the limited liability companies and limited partnerships set forth in paragraph 28, above, in amounts to be determined, with interest at the rate of ten percent per annum.

## SEVENTEENTH CLAIM FOR RELIEF

### BREACH OF PROMISSORY NOTES
### (Plaintiff Sybil Meisel Against All Defendants)

165.     Plaintiff Sybil Meisel realleges and incorporates by reference, as though fully set forth herein the allegations set forth in the preceding paragraphs.

166.     On January 27, 2005, Mark Alan Kaufman entered into a written contract with Sybil Meisel by issuing a secured promissory note to her in the amount of $100,000.00 (One Hundred Thousand Dollars), in consideration of a loan from her in the same amount. The note was due and payable in full on November 15, 2009. Under the terms of the note, the note was secured by Mark Kaufman's interest in Eagle Mountain Village, LLC, which owns the real property at 14853 East Shea Boulevard, Fountain Hills, AZ. This note was also secured by a personal guarantee by Mark Kaufman. The note was signed by Mark Kaufman in his capacity as manager of Eagle Mountain Village, LLC, as well as by Mark Kaufman as guarantor.

167.     On June 9, 2003, Mark Alan Kaufman entered into a written contract with Sybil Meisel by issuing a secured promissory note to her in the amount of $100,000.00 (One Hundred Thousand Dollars), in consideration of a loan from her. The note was due and payable in full on June 30, 2004. Under the terms of the note, the note was secured by Mark Kaufman's interest in Normandie Court III, LLC's and 15352 Vanowen Street Apartments, LLC's interest in the real property at 3635-3749 East Thousand Oaks Boulevard, Thousand Oaks, California. The note was signed by Mark Kaufman in his capacity as managing member of Normandie Court III, LLC and

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

15352 Vanowen Street Apartments, LLC.

168.    Defendant Mark Kaufman breached the contract by failing to make payment on or before November 15, 2009, despite Plaintiff Sybil Meisel's demand for payment.

169.    As a proximate result of Defendant Kaufman's conduct, Plaintiff Sybil Meisel has been damaged in the amount of the notes, plus interest to be determined at trial according to proof.

170.    In accordance with the terms of the notes, Plaintiff Sybil Meisel is entitled to attorney's fees and costs associated with investigating and pursuing this action.

### EIGHTEENTH CLAIM FOR RELIEF

**FINANCIAL ABUSE OF ELDER, CALIFORNIA WELFARE AND
INSTITUTIONS CODE §15600 ET SEQ.
(Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart Against All Defendants)**

171.    Plaintiffs Irvin Laxineta, Robert Laxineta, and Gerald Hart reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

172.    In doing the things described above, Defendant Mark Allen Kaufman, both individually and as managing member of all the limited liability companies and general partner of all the limited partnerships identified in paragraph 28, obtained and retained the personal property of Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart, consisting of cash investments in the limited liability companies and limited partnerships identified above, for a wrongful use and with intent to defraud them.

173.    In doing the things described above, Mark Kaufman at all relevant times alleged herein placed himself and stood in a position of trust to Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart, in that Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart placed their trust and confidence in Mark Kaufman.

174.    In doing the things described above, Mark Kaufman used the placement of such confidence for the purposes of exerting undue influence and obtaining an unfair advantage over Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

175.    In doing the things described above, Mark Kaufman knew or should have known that he would harm Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart.

176.    In doing the things described above, Mark Kaufman knew or should have known that he would deprive Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart of their property rights, including but not limited to their contractual rights set forth in the Operating Agreements and Partnership Agreements.

177.    As a proximate result of Defendants' conduct, Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart have been damaged in an amount to be determined at trial according to proof.

178.    Plaintiffs are compiling information and documentation regarding the exact amount of damages, and will amend this complaint, if necessary, to allege the true amount of their damages when the same are ascertained.

179.    In committing the acts alleged above, Defendants acted recklessly, fraudulently, and with malice in obtaining, retaining, and misappropriating Plaintiffs Irvin Laxineta, Robert Laxineta's and Gerald Hart's personal property, consisting of cash investments in the limited liability companies and limited partnerships identified above.  In so doing, Defendants acted with recklessness, fraud, malice and with intent to damage Plaintiffs Irvin Laxineta, Robert Laxineta and Gerald Hart, entitling them to an award of reasonable attorney's fees and costs.

180.    In engaging in the activities described above, Defendants acted intentionally and fraudulently and was intentionally engaging in self-dealing and misappropriation of assets belonging to the companies and partnerships.  In so doing, Defendants acted with fraud, malice and with the intent to damage Plaintiffs, entitling Plaintiffs to an award of punitive damages.

## NINETEENTH CLAIM FOR RELIEF

### ACCOUNTING
### (Against all Named Defendants and Does 1-50)

181.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs.

182.    The amount of money due from Defendants to Plaintiffs is unknown to Plaintiffs

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5530

and cannot be ascertained without an accounting of the transactions between Plaintiffs and Defendants. Plaintiffs are informed and believe and thereon allege, that the amount owed, however, exceeds the sum of $7,100,000 (seven million one hundred thousand dollars).

183. On or about March 11, 2010, Plaintiffs demanded that Defendants account for Plaintiffs' investments and pay the amount found due to Plaintiffs, but Defendants have failed and refused, and continue to fail and refuse, to render the accounting and pay the Plaintiffs.

### TWENTIETH CLAIM FOR RELIEF

### TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION
**(Against All Named Defendants and Does 1-50)**

184. Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

185. At all times herein mentioned, Defendants were, and are, in complete control and management of the investments and properties herein.

186. Beginning in or around 2002, and continuing to and through the present, Defendants, and each of them, wrongfully and unlawfully converted wealth created by the participating investments by incurring further indebtedness of the participating investments for their own personal use, by taking unauthorized management fees, brokers fees, and other fees to which Defendants were not entitled, by withdrawing undocumented and unauthorized sums from the investments falsely characterizing them as "loans,", by commingling monies generated by certain investments with other investments, by failing to keep records, by providing materially misleading or insufficient accounts and statements of the status of the investments, and by using the wealth created by the participating investments to which Defendants had no entitlement to purchase further interests for Defendants, and by utilizing such a scheme and device to generate additional funds which were unlawfully converted to Defendants' personal use, and/or reinvested for Defendants' own benefit, over and over again.

187. On numerous occasions, Plaintiffs have demanded Defendants to cease each of the activities set forth in the prior paragraphs, but Defendants have refused to do so.

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF AND APPOINTMENT OF A RECEIVER; DEMAND FOR JURY TRIAL

39

Case No. CV 10-1786 LB

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

188.   Defendants' threatened wrongful conduct, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to Plaintiffs as the actions set forth above will result in the loss of Plaintiffs' investment.

189.   Plaintiffs have no adequate remedy at law for the injuries currently being suffered, and which are threatened to be suffered, and they are likely to result in Plaintiffs' loss of the entirety of their investments, the eventual bankruptcy of Mark Alan Kaufman, and the loss of the real properties and improvements owned by the limited partnerships and limited liability companies.

### TWENTY FIRST CLAIM FOR RELIEF

### APPOINTMENT OF A RECEIVER
**(Against All Named Defendants and Does 1-50)**

190.   Plaintiffs reallege and incorporate by reference, as though fully set forth herein, the allegations set forth in the preceding paragraphs.

191.   At all times herein mentioned, Defendants were, and are, in complete control and management of the investments and properties herein.

192.   Contrary to the law and the contractual agreements of the parties, Defendants have, and will continue unless a receiver is appointed, to take and convert wrongfully and unlawfully the wealth created by the participating investments, including incurring further indebtedness of the participating investment for the purpose of converting said funds to Defendants' own personal use, by taking unauthorized management fees, brokers fees and other fees to which Defendants are not entitled, by withdrawing undocumented and unauthorized sums from the investments falsely characterizing them as "loans," by commingling monies generated by certain investments with other investments, by failing to keep records, by failing to provide accurate accounts and statement of the status of the investments, and by using the wealth created by the participating investments to purchase further interests for Defendants.

193.   On numerous occasions, Plaintiffs have requested Defendants to cease each of the activities set forth in the prior paragraph, but Defendants have refused to do so.

194.   Unless a receiver is appointed and instructed to take possession of the investments,

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

and their assets, including the real property, Plaintiffs are in danger of losing their investments.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully pray judgment against Defendants as follows:

1. For an award of rescission, restitution, unjust enrichment, general damages, special damages, actual damages, statutory damages and compensatory damages according to proof at the time of trial;

2. For exemplary and punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct according to proof at the time of trial;

3. That Plaintiffs be awarded treble damages together with its reasonable attorneys' fees and costs pursuant to 15 U.S.C. Section 78, et seq., and 18 U.S.C. Section 1964(c) according to proof at the time of trial.

4. For the value of the property converted according to proof at the time of trial;

5. For damages for time and money properly expended in pursuit of the converted property  according to proof at trial;

6. For an accounting by Defendants for any payments or compensation that Defendants received;

7. That all gains, profits and advantages derived from Defendants' acts of misappropriation and other violations of law be deemed to be in constructive trust for the benefit of Plaintiffs;

8. For damages and remedies pursuant to the Uniform Fraudulent Transfer Act, Cal. Civ. Code Section 3439 through 3439.12, and Cal. Civ. Code Section 3439.07, including : (a) avoidance of any and all fraudulent transfers or obligations to the extent necessary to satisfy Plaintiffs' claims; (b) an attachment or other provisional remedy against all assets fraudulently transferred, or their proceeds; (c) an injunction against further disposition by the Defendants or a transferee, or both, of the fraudulently transferred funds or assets; (d) appointment of a receiver to take charge of the fraudulently

transferred funds or assets; and, (e) any other relief the circumstances may require.

9.  For acceptance of Defendant Mark Kaufman's interest in Eagle Mountain Village, LLC, the collateral under the promissory note of which he is the debtor, in satisfaction of the debt, or alternatively, judicial enforcement of said collateral by sale, in addition to a deficiency judgment;

10. For foreclosure by judicial sale of the real property owned in part by Normandie Court III, LLC and 15352 Vanowen Street Apartments, LLC, located at 3635-3749 East Thousand Oaks Boulevard, Thousand Oaks, California, with such real property constituting the collateral under the promissory note of which Normandie Court III, LLC and 15352 Vanowen Street Apartments, LLC, are the debtors, executed by Defendant Mark Kaufman as Manager, in addition to a deficiency judgment;

11. For a temporary restraining order, preliminary and permanent injunction, enjoining all Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with or for them from engaging in the unlawful conduct described herein, including but not limited to, (1) incurring indebtedness of the participating investments for their own personal use, or for any purpose not expressly authorized by the terms of the limited liability companies or limited partnership agreements; (2) by taking unauthorized management fees, brokers' fees, or any other fees to which Defendants are not entitled; (3) by withdrawing undocumented and unauthorized sums from the investments; (4) by commingling monies generated by investments; (5) by failing to keep accurate business and financial records; (6) from Defendants utilizing any scheme and device to convert the wealth of the investments to Defendants, and, (7) from Defendants taking or using any funds from, or generated by, the investments for their personal use pending appointment of a receiver or the outcome of this lawsuit, including payment of their attorneys fees;

12. For the appointment of a receiver to take possession of the investments and their assets, including the real property, and to take possession of the books and records;

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

13. For reasonable attorney's fees;

14. For the costs of suit herein;

15. For interest as allowed by law; and,

16. For such other and further relief as this Court may deem proper.

Dated: March 24, 2011                STIMMEL, STIMMEL & SMITH, P.C.


By: _____
        Lee D. Stimmel
        Steven R. Roeser
        Attorneys for Plaintiffs
        Andrew H. And Robin Meisel, Husband and Wife,
        individually and as Trustees of the Andrew H. Meisel &
        Robin H. Meisel 2000 Revocable Trust; AR Meisel
        Properties, LLC, a California Limited Liability
        Company; Sybil Meisel, individually; Edward Meisel,
        individually; Meisel Family Partnership, a New York
        General Partnership; Irvin Laxineta, individually; Irvin
        & Marilyn D. Laxineta, trustees of the (Irvin B. &
        Marylyn D.) Laxineta Trust; Robert and Sylvia
        Laxineta, trustees of the (Robert and Sylvia) Laxineta
        Family Trust; Marc  Laxineta, individually; and, Gerald
        Hart, individually

Dated: March 24, 2011                MCNAMARA, NEY, BEATTY, SLATTERY,
                                     BORGES & AMBACHER LLP


By: _____
        Seth J. Schwartz
        Denise J. Serra
        Attorneys for Plaintiffs
        Andrew H. And Robin Meisel, Husband and Wife,
        individually and as Trustees of the Andrew H. Meisel &
        Robin H. Meisel 2000 Revocable Trust; AR Meisel
        Properties, LLC, a California Limited Liability
        Company; Sybil Meisel, individually; Edward Meisel,
        individually; Meisel Family Partnership, a New York
        General Partnership; Irvin Laxineta, individually; Irvin
        & Marilyn D. Laxineta, trustees of the (Irvin B. &
        Marylyn D.) Laxineta Trust; Robert and Sylvia
        Laxineta, trustees of the (Robert and Sylvia) Laxineta
        Family Trust; Marc  Laxineta, individually; and, Gerald
        Hart, individually

MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on each of its claims for relief that are triable before a jury.

Dated:  March 24, 2011          STIMMEL, STIMMEL & SMITH, P.C.


By: _____
    Lee D. Stimmel
    Steven R. Roeser
    Attorneys for Plaintiffs
    Andrew H. And Robin Meisel, Husband and Wife,
    individually and as Trustees of the Andrew H. Meisel &
    Robin H. Meisel 2000 Revocable Trust; AR Meisel
    Properties, LLC, a California Limited Liability
    Company; Sybil Meisel, individually; Edward Meisel,
    individually; Meisel Family Partnership, a New York
    General Partnership; Irvin Laxineta, individually; Irvin
    & Marilyn D. Laxineta, trustees of the (Irvin B. &
    Marylyn D.) Laxineta Trust; Robert and Sylvia
    Laxineta, trustees of the (Robert and Sylvia) Laxineta
    Family Trust; Marc  Laxineta, individually; and, Gerald
    Hart, individually

Dated:  March 24, 2011          MCNAMARA, NEY, BEATTY, SLATTERY,
                                BORGES & AMBACHER LLP


By: _____
    Seth J. Schwartz
    Denise J. Serra
    Attorneys for Plaintiffs
    Andrew H. And Robin Meisel, Husband and Wife,
    individually and as Trustees of the Andrew H. Meisel &
    Robin H. Meisel 2000 Revocable Trust; AR Meisel
    Properties, LLC, a California Limited Liability
    Company; Sybil Meisel, individually; Edward Meisel,
    individually; Meisel Family Partnership, a New York
    General Partnership; Irvin Laxineta, individually; Irvin
    & Marilyn D. Laxineta, trustees of the (Irvin B. &
    Marylyn D.) Laxineta Trust; Robert and Sylvia
    Laxineta, trustees of the (Robert and Sylvia) Laxineta
    Family Trust; Marc  Laxineta, individually; and, Gerald
    Hart, individually

K:\STIM\1030 - Meisel\Pleadings\djs--revised version of Complaint, labelled first amended complaint.docx

MCNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
P.O.  BOX 5288, WALNUT CREEK,  CA 94596
TELEPHONE:  (925) 939-5330