1
2
3
4
5
6
7
8

# UNITED STATES  DISTRICT COURT

9

## Northern District of California

10

Oakland Division

11

ANDREW H. MEISEL, *et al.*,                     No. C 10-01786 LB

12

               Plaintiffs,          **ORDER RE HEARING AND**

    v.                                          **SUPPLEMENTAL BRIEFING**

13

MARK KAUFMAN, *et al.*,

14

               Defendants.

15

_____/

16

    Plaintiffs' motion to enforce and Defendants' cross-motion are currently pending with a hearing

17

on the motions scheduled for August 4, 2011.  Plaintiffs' Motion, ECF No. 85; Defendants' Cross-

18

Motion, ECF No. 98.[1]  In Defendants' reply brief, they raise new evidence for the first time, arguing

19

that the entities that own the properties described in paragraph one of the settlement agreement

20

actually are Vanowen Canoga Apartments LLC and Woodman VN Apartments LLC.  Defendants'

21

Reply, ECF No. 134 at 5.  Plaintiffs requested the opportunity to address this newly-raised evidence.

22

Plaintiffs' Letter, ECF No. 135 at 2-3.  Defendants did not oppose this request but requested that the

23

hearing be continued to a date after August 19, 2011, if it is continued.  Defendants' Letter, ECF No.

24

136 at 1-2.  Before the court could respond to Plaintiffs' request, they filed an objection to the

25

newly-raised evidence, arguing that the court should disregard it because it was raised for the first

26

time in Defendants' reply, is a sham, is irrelevant, and is excluded by the mediation privilege and

27

_____

28

    [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
number at the top of the document, not the pages at the bottom.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

bar on extrinsic evidence.  Plaintiff's Objection, ECF No. 137 at 3.

The court **ORDERS** Plaintiffs to file a supplemental brief of no more than five pages addressing the newly-raised evidence by August 4, 2011.  The court **CONTINUES** the hearing on the cross-motions to August 25, 2011.

Additionally, having reviewed the parties' papers, the court lays out the issues it intends to address at the hearing:

*Preliminary Issues*

1. Whether either party has made a *prima facie* showing that there is an enforceable settlement agreement (i.e., whether the agreement is complete and both parties agreed to the material terms of the settlement);

   a. Whether the failure to explicitly allocate certain transaction costs and procedures renders the settlement agreement too indefinite too enforce;

   b. Given the newly-raised evidence, whether there is an issue of mutual mistake that requires recission or modification of the settlement agreement;

   c. What is the effect of the cancellation of the certificate of formation for Vanowen Canoga Apartments LLC;

*Evidentiary Issues*

2. Assuming there is an enforceable contract, whether extrinsic evidence may be introduced to show a latent ambiguity;

   a. Assuming that extrinsic evidence may be introduced, whether evidence of the parties' correspondence and conduct after April 26, 2011 may be submitted;

3. Whether, pursuant to the holding in *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987),  the court must conduct an evidentiary hearing (i.e., are there any disputes as to the existence of a settlement agreement or any of its material terms that requires the court to give the parties an opportunity to present their evidence and challenge the evidence offered by the other party at an evidentiary hearing);

*Settlement Agreement Terms Issues*

4. Whether Plaintiffs are entitled to acquire 100% member interests in 7410 Woodman Street, LLC, and 20615 Vanowen Street Apartments, LP (paragraph one);

   a. If so, whether Defendants may remove any or all assets from the entities besides title to the properties referenced in the entities' names;

   b. Specifically, whether Defendants may remove Vanowen LP's interest in Midland 256 Rampart LP and Woodman LLC's interest in Midland 256 Rampart LP and Midland Haynes Palm LP;

  c. Whether the law mandates the transfer of the security deposits regardless as to which option Plaintiffs choose;

  d. Whether the deferred maintenance funds must be transferred;

5. Whether Defendants must pay the costs associated with increasing Plaintiffs' share in the Pure Office Tower to a 30% undivided tenancy in common interest and placing Plaintiffs on title with the lender's consent (paragraph eight);

  a. What is the usual local custom as to which party bears the costs required to secure a lender's consent to placing a new entity on the title to a property;

6. Whether Defendants must pay a proportionate share of the transaction costs (e.g., escrow fees) associated with the transfers (paragraphs one and seven);

  a. What are the usual local customs with regard to the allocation of the usual transaction costs associated with the transfer of real property;

7. Whether the parties must use the purchase agreements submitted by Plaintiffs (paragraph ten);

  a. What is the usual local custom regarding the form and content of such purchase agreements;

  b. What forms have the parties used in other transactions.

To ensure that the parties and the court are prepared to discuss these issues in an expeditious manner, the court further **ORDERS** the parties to complete and file the attached chart by 3:00 p.m. on August 15, 2011.  A Microsoft Word or WordPerfect copy should be sent to lbpo@cand.uscourts.gov at the same time.  The parties' position statements may not be more than 250 words per issue.  The position statements need not repeat the legal standards advanced by the parties in their briefs.  Instead, the position statements should focus on applying the law to the specific language of the settlement agreement and the other relevant facts.  The parties' lists of evidence and legal authorities supporting their positions are limited to five items per issue.

///

///

///

///

///

1    Additionally, the court **ORDERS** the parties and any individuals who submitted declarations in

2    support of the motions to personally attend the hearings and to be prepared to address any factual

3    questions that the court might have.

4    **IT IS SO ORDERED.**

5    Dated: July 29, 2011

6                                                          _____
                                                           LAUREL BEELER
7                                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

**Pre-Hearing Issues Chart in *Meisel, et al. v. Kaufman, et al.*, C 10-01786 LB**

| Issue | Short Statement of Party's Position | Evidence and Legal Authorities Supporting Party's Position |
|---|---|---|
| *Preliminary Issues* | | |
| Whether the party has made a *prima facie* showing that there is an enforceable settlement agreement (i.e., whether the agreement is complete and both parties agreed to the material terms of the settlement) | | |
| Whether the failure to explicitly allocate certain transaction costs and procedures renders the settlement agreement too indefinite too enforce | | |
| Given the newly-raised evidence, whether there is an issue of mutual mistake that requires recission or modification of the settlement agreement | | |
| What is the effect of the cancellation of the certificate of formation for Vanowen Canoga Apartments LLC | | |
| *Evidentiary Issues* | | |
| Assuming there is an enforceable contract, whether extrinsic evidence may be introduced to show a latent ambiguity | | |
| Assuming that extrinsic evidence may be introduced, whether evidence of the parties' correspondence and conduct after April 26, 2011 may be submitted | | |

| Issue | Short Statement of Party's Position | Evidence and Legal Authorities Supporting Party's Position |
|---|---|---|
| Whether, pursuant to the holding in *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987), the court must conduct an evidentiary hearing (i.e., are there any disputes as to the existence of a settlement agreement or any of its material terms that requires the court to give the parties an opportunity to present their evidence and challenge the evidence offered by the other party at an evidentiary hearing) | | |
| *Settlement Agreement Terms Issues* | | |
| Whether Plaintiffs are entitled to acquire 100% member interests in 7410 Woodman Street, LLC, and 20615 Vanowen Street Apartments, LP (paragraph one) | | |
| If so, whether Defendants may remove any or all assets from the entities besides title to the properties referenced in the entities' names | | |
| Specifically, whether Defendants may remove 20615 Vanowen Street Apartments, LP's interest in Midland 256 Rampart LP and  7410 Woodman Street, LLC's interest in Midland 256 Rampart LP and Midland Haynes Palm LP | | |
| Whether the law mandates the transfer of the security deposits regardless as to which option Plaintiffs choose | | |
| Whether the deferred maintenance funds must be transferred | | |

| Issue | Short Statement of Party's Position | Evidence and Legal Authorities Supporting Party's Position |
|---|---|---|
| Whether Defendants must pay the costs associated with increasing Plaintiffs' share in the Pure Office Tower to a 30% undivided tenancy in common interest and placing Plaintiffs on title with the lender's consent (paragraph eight) | | |
| What is the usual local custom as to which party bears the costs required to secure a lender's consent to placing a new entity on the title to a property | | |
| Whether Defendants must pay a proportionate share of the transaction costs (e.g., escrow fees) associated with the transfers (paragraphs one and seven) | | |
| What are the usual local customs with regard to the allocation of the usual transaction costs associated with the transfer of real property | | |
| Whether the parties must use the purchase agreements submitted by Plaintiffs (paragraph ten) | | |
| What is the usual local custom regarding the form and content of such purchase agreements | | |
| What forms have the parties used in other transactions | | |